VALDOSTA DRUG CO *v.* MASHBURN DRUG CO.

472

No. 11406.   DECEMBER 4, 1936.

*Wilcox, Connell & Wilcox* and *Copeland & Dukes,* for plaintiff in error.

*A. J. Little* and *Franklin, Langdale & Eberhardt,* contra.

PER CURIAM. The Court of Appeals erred in reversing the judgment of the trial court. The contract, in accordance with which the notes were given, is to be treated as entire and undivided, although separate notes were given for the stock of goods purchased and for the good will of the Mashburn Drug Co., the vendor; and the plaintiff, Mashburn Drug Co., as is shown by the uncontradicted evidence in the record, having breached the covenant of this contract not to permit certain named officials to reengage in the drug business for the time and in the territory designated, was not entitled to recover on the note sued on, although it was a renewal of the note originally given for the good will of the vendor company in the designated territory. It was also erroneous to hold that the measure of damages for the breach of a contract like that involved in this case is the loss suffered by the purchaser by reason of the wrongful acts of the seller con-

stituting the breach, and that that loss must be established by evidence. The defendant in this case was not confined to the defense of recoupment or set-off, under which pleas it would have been necessary to show the amount of damage. In a case of the character clearly set forth in the statement of facts, it would have been practically impossible for the defendant to establish the exact amount or anything near the exact amount of its damage and loss, although there had been a complete failure to observe the terms of the contract involved in the sale of the good will. In view of these rulings, it was error for the Court of Appeals to reverse the decision of the trial court, but instead should have affirmed the same. The present case differs on the facts from *Shaw* v. *Jones,* 133 *Ga.* 446 (8) (66 S. E. 240), in that the "good will" was not separately valued as in this case.

<em>Judgment reversed. All the Justices concur.</em>