## OGLE *v.* WRIGHT.

No. 12583. MARCH 9, 1939.

*James W. Dorsey,* for plaintiff in error.

*John I. Kelley, James N. Frazer,* and *Little, Powell, Reid & Goldstein,* contra.

ATKINSON, Presiding Justice. H. H. Wright had an established business of selling and distributing Pepsi-Cola (a beverage) by trucks over designated routes in the City of Atlanta and vicinity. C. M. Ogle was one of his salesmen and truck-drivers who knew the routes, secrets of trade, and customers of Wright. A competing company, engaged in the same business on the same routes, em-

ployed several of Wright's employees. In these circumstances Wright required his salesmen and drivers, including Ogle, at the peril of losing their jobs, to enter into written contracts of employment. The contract with Ogle was executed May 6, 1938. Two of the covenants in the contract with Ogle were "that at no time during the term of his said employment, or for a period of six (6) months immediately following the termination of his said employment, will he for himself, or on behalf of any other person," engage in such business "within the incorporated limits of Atlanta and within a radius of fifty (50) miles thereof," and "that said employment may be terminated by either party with or without cause upon giving five (5) days notice to the other." The stipulated wages were $10 per week. Ogle was insolvent. In August, 1938, after five days notice to Ogle, he was discharged; and a few days thereafter he entered into the same business in the same territory and on the same routes, under employment of the company competing with Wright. At interlocutory hearing of a suit instituted by Wright against Ogle, to enjoin him from engaging in such business under employment of the competing company, the evidence tended to make the case as stated above. The judge granted a temporary injunction, on terms that Wright give bond to indemnify Ogle for any damages that might be awarded on the final trial. Ogle excepted.

"An agreement in restraint of trade, ancillary to a contract of employment, supported by a valuable consideration, and limited as to both time and territory, and not otherwise unreasonable, is enforceable. . . If the consideration for such an agreement be legal, it is sufficient; the adequacy of the consideration is a matter to be determined by the parties thereto. . . If the consideration be so grossly inadequate as to shock the conscience and to amount in itself to evidence of fraud, equity will not enforce the agreement. . . Under the evidence in the record the judge of the superior court did not abuse his discretion in holding that the business conducted by the plaintiff in error was in violation of the restrictive covenants in his contract with the defendant in error, and in granting an interlocutory injunction." *Shirk* v. *Loftis,* 148 *Ga.* 500 (97 S. E. 66) ; *National Linen Service Cor.* v. *Clower,* 179 *Ga.* 136 (3) (175 S. E. 460) ; *Jones* v. *Primrose Dry-Cleaning Co.,* 181 *Ga.* 103 (181 S. E. 577) ; *Kinney* v. *Scarbrough Co.,* 138 *Ga.*

77 (3). (74 S. E. 772, 40 L. R. A. 773). In the cases cited the employee voluntarily left his employer, whereas in the instant case he was discharged upon notice; but this difference in the cases is insufficient to show an abuse of discretion in granting the injunction, as the contract authorized the discharge upon notice with or without cause, and therefore the discharge was not a violation of the contract by Wright. The case differs from *Burney* v. *Ryle,* 91 *Ga.* 701 (17 S. E. 986), and *Hammond* v. *Georgian Co.,* 133 *Ga.* 1 (65 S. E. 124), in which there was no covenant *not to work* for another person, which distinction was pointed out in *National Linen Service Corporation* v. *Clower,* 179 *Ga.* 136, 146 (175 S. E. 460).

*Judgment affirmed. All the Justices concur.*