FELTON BEAUTY SUPPLY COMPANY INC. *v.* LEVY.

No. 14951. SEPTEMBER 8, 1944. REHEARING DENIED OCTOBER 7, 1944.

387

388

*Hirsch, Smith, Kilpatrick, Clay & Cody, D. F. McClatchey, Matthews, Owens & Maddox,* and *Paul S. Ginsberg,* for plaintiff.

*Barry Wright* and *Carlton Wright,* for defendant.

WYATT, Justice. The first question which we are called upon to decide in this case is whether or not the failure of the employer to give to the employee the one week's notice, provided for in the contract of employment, before terminating the contract, was such a breach of its terms as would preclude the employer from a right to enjoin the defendant's violation of the restrictive clauses in the contract. The evidence being in conflict on this question, the trial judge, under his discretion, was authorized to find that the employer terminated the contract without giving the one week's notice. The plaintiff in error contends in its brief: "The right of plaintiff to an injunction does not depend upon whether plaintiff or defendant terminated the employment, or upon whether, if the plaintiff terminated it, the defendant was given one week's notice of the termination." The Code, § 20-109, is as follows: "A contract may be absolute or conditional. In the former, every covenant is independent, and the breach of one does not relieve the obligation of another. In the latter, the covenants are dependent the one upon the other, and the breach of one is a release of the binding force of all dependent covenants. The classification of every contract must depend upon a rational interpretation of the intention of the parties." Section 20-112 reads as follows: "A contract may be either entire or severable. In the former, the whole contract stands or falls together. In the latter, the failure of a distinct part does not void the remainder. The character of the contract in such case is determined by the intention of the parties." Those sections are cited as authority for this position. We think that a mere reading of the contract in the instant case is sufficient to show that it was one contract and entire.

The restrictive clauses are certainly dependent upon the provision as to employment, and one cannot exist without the other. Therefore the contract is entire and the whole contract must stand or fall together.

It is further contended that the provision requiring one week's notice, on account of the short length of time involved, is not vital or important, and that its violation should not prevent the employer, by injunction, from enforcing the restrictive clauses of the contract. A sufficient answer to this position is that the employer, under the terms of the contract, could at the end of one day's work give to the employee the week's notice, and thereby terminate the employment in eight days from its beginning. Therefore by the terms of their agreement, the parties made one week and one day the period of time in which the contract could be terminated. The period of one week thus becomes relatively an important and vital period of time. The employer cannot in this manner make the one-week period vital as to himself and unimportant as to the employee.

We do not find any decisions of this court in which this identical question has been decided. We do find an English case, General Bill Posting Company Ltd. and Atkinson, respondent, reported in 1 British Ruling Cases, p. 497, decided in 1909, in which this language is used: "Employers agreed with their manager that he should hold office subject to termination at twelve months' notice by either party and with a restriction on his right to trade after its termination. The employers having wrongfully dismissed him without notice: Held, that he was entitled to treat the dismissal as a repudiation of the contract and to sue for damages for breach of contract, and was no longer bound by the restrictions on trade." It is true that the notice required in that case was twelve months and the notice required in the instant case is one week. This, however, in view of what has been said, would make no difference.

We hold the contract in the instant case to be entire, and the clause requiring one week's notice of intention to terminate the contract to be a vital clause of the contract, a breach of which on the part of the employer would relieve the defendant from the provisions of the restrictive clauses in the contract.

In passing upon the question now before the court, it becomes unnecessary to decide, under the above rulings, whether or not the

contract is subject to the other criticisms insisted upon. There was no error in refusing to énjoin the defendant.

*Judgment affirmed. All the Justices concur.*