### Pinson *v.* Moffat.

Duckworth, Chief Justice. 1. The exception here is to the judgment overruling a demurrer to a petition seeking to enjoin the breach of a contract by the seller of a service station, obligating him not to "enter into the operation of a service station within the city limits of Blue Ridge, Fannin County, Georgia, for a period of five (5) years," without written consent of the buyer. Under repeated rulings this protection of good will purchased, if reasonably limited as to time and territory, is enforceable. *Morris-Forrester Oil Co.* v. *Taylor*, 158 *Ga.* 201 (122 S. E. 680); *Hood* v. *Legg*, 160 *Ga.* 620 (128 S. E. 891); *Griffin* v. *Vandegriff*, 205 *Ga.* 288 (53 S. E. 2d, 345). The limitation here to five years as to time and to the limits of the City of Blue Ridge as to area was reasonable. Therefore the restriction was valid and enforceable.

2. But the seller contends that he is not bound by his contract for two reasons: (1) the contract is undated; and (2) he is not the owner of the business where he is now engaged in the operation of a service station, and the contract prohibits only ownership. We reject

each contention. The date can be proven by extrinsic evidence, and the allegation of the petition that it was executed "on or about November 24, 1950," is sufficient to admit proof of the exact date thereof. 17 C. J. S. 410, § 61. The prohibition is intended to avoid injury to the good will, and that would result from the seller's engaging in the business regardless of ownership. *Morris-Forrester Oil Co.* v. *Taylor*, 158 *Ga.* 201 (supra); *Strauss* v. *Phillips*, 180 *Ga.* 641 (180 S. E. 123). The petition alleges a cause of action, and the court did not err in overruling the demurrer thereto.

*Judgment affirmed. All the Justices concur.*

No. 17806. Argued March 10, 1952—Decided April 14, 1952.

*William Butt* and *Herman J. Spence*, for plaintiff in error.

*W. George Thomas* and *Essley B. Burdine*, contra.