21753. ORKIN EXTERMINATING COMPANY, INC. OF SOUTH GEORGIA

v.

MILLS et al.

21803. ORKIN EXTERMINATING COMPANY, INC. OF SOUTH GEORGIA

v.

MARCHANT et al.

ARGUED SEPTEMBER 10, 1962—DECIDED OCTOBER 1, 1962.

*Irving K. Kaler, S. B. Lippitt,* for plaintiff in error.
*David Jones, Bob Reinhardt, Cain & Smith,* contra.

DUCKWORTH, Chief Justice. With full knowledge of the numerous decisions by this court involving contracts of the class here in question this court clearly and correctly stated the elements essential to validity in *Thomas v. Coastal Indus. Services, Inc.,* 214 Ga. 832 (108 SE2d 328), as follows: "Reasonableness as to territory depends, not so much on the geographical size of the territory, as on the reasonableness of the territorial re-

striction in view of the facts and circumstances of the case. *Rakestraw v. Lanier,* 104 Ga. 188, 195 (30 SE 735, 69 ASR 154). '. . . as a matter of law, such a contract is to be upheld, if the restraint imposed is not unreasonable, is founded on a valuable consideration, and is reasonably necessary to protect the interest of the party in whose favor it is imposed, and does not unduly prejudice the interests of the public.' " This clear statement of the law leaves only an examination of the facts here involved to determine if the contract is valid and its violation should be enjoined. By the restrictive covenant the employee agrees that while employed and for a period of two years after his employment is terminated he will not for himself or others, directly or indirectly, call upon, solicit business or take orders from any customer of the employer, or otherwise engage in the same type of business in a defined area where the employer is doing business. Such restriction is reasonable as to time and territory and is not otherwise unreasonable. *Burdine v. Brooks,* 206 Ga. 12 (55 SE2d 605); *Kirshbaum v. Jones,* 206 Ga. 192 (56 SE2d 484); *Northeast Ga. Artificial Breeders Assn. v. Brown,* 209 Ga. 547 (74 SE2d 660).

The mere fact that while the employer does business in the entire territory, the employee did not work all the territory, would not render it unreasonable to bar the employee as provided in the contract. See *Northeast Ga. Artificial Breeders Assn. v. Brown,* supra. It is shown by this record that the employee had access to business information, data, technical developments and other restricted information belonging to the employer. Thus it is shown that the restriction is necessary to protect the employer. The evidence shows that this business is highly competitive and secret, which requires continued changes in engineering and technical skill. This employee is shown to have had access to such information, and he was given courses of training which could be used against the employer. In the light of this undisputed evidence, the fact that the employee did not actually work in all the territory embraced in the restriction is immaterial. His knowledge of the employer's business as thus acquired could be effectively used to the detriment of the employer throughout the territory embraced since the employer

343

was doing business in that entire area. The employee was trained for the kind of work carried on throughout the area covered by the restriction and under the contract he was subject to be sent to all parts of that area. We hold that the restrictive covenant upon which this action is brought is legal, valid and enforceable. Therefore, it appearing without dispute that the defendant is violating the contract, a judgment enjoining further such violations was demanded, and the court erred in denying the injunction.

*Judgment reversed in each case. All the Justices concur.*