21875. THE INSURANCE CENTER, INC. v. HAMILTON.

ARGUED JANUARY 14, 1963—DECIDED FEBRUARY 7, 1963.

*Cumming, Nixon, Eve, Waller & Capers,* for plaintiff in error.
*Fulcher, Fulcher, Hagler & Harper,* contra.

Mobley, Justice. ■ (a) The trial court erred in overruling defendant's general demurrer to plaintiff's petition. The petition does not state a cause of action for equitable relief as it contains no allegation of facts showing grave danger of impending injury to property rights of the plaintiff. A mere threat or bare fear of such injury is not sufficient. *Thomas v. Mayor &c. of Savannah,* 209 Ga. 866 (3) (76 SE2d 796).

It is well settled by numerous decisions of this court that a bare threat of injury to property, which, if followed up by an overt act would work irreparable injury, offers no basis for equitable relief by injunction or otherwise. *West v. Chastain,* 186 Ga. 667 (198 SE 736); *City of Atlanta v. Universal Film Exchanges,* 201 Ga. 463, 472 (b) (39 SE2d 882); *City of Brunswick v. Anderson,* 204 Ga. 515 (3) (50 SE2d 337); *Mayor &c. of Athens v. Co-Op Cab Co.,* 207 Ga. 505 (2) (62 SE2d 906); *Nottingham v. Elliott,* 209 Ga. 481 (3) (74 SE2d 93). Allegations based on mere apprehension of injury and general conclusions, without alleging facts to show irreparable injury, are insufficient to authorize the grant of injunctive relief. A general demurrer to such a petition should be sustained. *Carmichael v. Tucker,* 214 Ga. 725, 727 (107 SE2d 829).

The basis of plaintiff's complaint is that paragraphs 6 and 7 of his employment contract are void and unenforceable, that defendant has notified him that his employment is terminated, and that if he violates the terms of paragraphs 6 and 7 the company will enforce the penalty provision thereof. According to these allegations defendant has done nothing more than put plaintiff on notice that the penalty provisions will be enforced if he violates his agreement not to enter business within 3 years and for a period of 10 years not to take action causing policyholders of the company to cancel their policies. The only recourse defendant has is to enforce the contract in the courts, where plaintiff would have ample opportunity to defend the action and plead his defenses. Thus, he has an adequate remedy at law. If he has not already violated the contract and wishes a determination as to validity of paragraphs 6 and 7 before he violates those provisions, such could be had by a declaratory judgment action at law. *Code Ann.* §§ 110-1101—110-1111.

(b) A cause of action for accounting is not stated. The petition does not show that the accounts are complicated. An accounting may be had at law. "The mere necessity of accounting to ascertain the amount due on a contract is wholly insufficient to give equity jurisdiction to order an accounting." *Burress v. Montgomery*, 148 Ga. 548 (3) (97 SE 538).

(c) Nor is a cause of action for the appointment of a receiver stated. *Code* § 55-303. No clear and urgent need for a receiver is shown. *Reeve v. Reeve*, 163 Ga. 95 (135 SE 434). The allegation that defendant is insolvent without more is insufficient. *Atlanta &c. R. Co. v. Carolina Portland Cement Co.*, 140 Ga. 650 (1) (79 SE 555).

■ The only question left for decision is whether or not the trial judge erred in denying the prayer of the defendant's cross-bill that plaintiff be temporarily enjoined from violating paragraph 6 of the employment contract. A contract in general restraint of trade is void. *Code* § 20-504. A contract concerning a lawful and useful business in partial restraint of trade and reasonably limited as to time and territory is not void (*Black v. Horowitz*, 203 Ga. 294 (1), 46 SE2d 346), provided it is not unreasonable in other respects. *Orkin Exterminating Co. v. Dewberry*, 204 Ga. 794 (51 SE2d 669). See *Kinney v. Scarbrough Co.*, 138 Ga. 77 (74 SE 772); *Shirk v. Loftis Brothers & Co.*, 148 Ga. 500 (97 SE 66); *National Linen Service Corp. v. Clower*, 179 Ga. 136, 145 (175 SE 460). The question of the reasonableness of the covenant is one of law for the court to decide. *Hood v. Legg*, 160 Ga. 620 (1) (128 SE 891); *Burdine v. Brooks*, 206 Ga. 12, 17 (55 SE2d 605). In determining the reasonableness of a restrictive covenant, greater latitude is allowed in those covenants relating to the sale of a business than in those covenants ancillary to an employment contract. *Orkin Exterminating Co. v. Dewberry*, 204 Ga. 794, 803, supra.

In this case there was a bill of sale of a business and an employment contract, both executed the same day, with the employment contract reciting that "as a condition of the purchase of the said assets by the company, Hamilton has agreed to enter into a contract of employment as a solicitor for the Company," and further, "in consideration of the premises and the

execution and delivery of a Bill of Sale contemporaneously herewith and the mutual covenants and agreements herein made, the parties hereto agree as follows . . ." The agreement contained the details of employment and paragraph 6 as above recited. The employment contract and the bill of sale of the business covered the same transaction. As a part of the consideration for the sale of the business, the company required Hamilton to become its employee, to which he agreed. He further agreed not to engage in the insurance business within three years from the date of the contract, rather than from the termination of his employment as is customary in cases of noncompetitive covenants ancillary to an employment contract.

The covenant set out in paragraph 6 that Hamilton would not engage in the insurance business in Richmond and Columbia Counties, Georgia, and Aiken County, South Carolina, for a period of 3 years from the date of the contract is ancillary to the sale of the business. The three counties are contiguous and the office of the company is in Augusta, Richmond County, Georgia. An insurance agency is by nature dependent upon personal contacts. Sales result largely because of goodwill built up by the agent. Where the goodwill is sold and the agent is permitted to solicit and take the business, the goodwill is destroyed. Three years and the counties of Richmond and Columbia, Georgia, and Aiken, South Carolina, is a reasonable time and territory in which to restrict an agent from competing in the insurance business with the company he sold which was operated in that region. In the following cases involving the sale of a business this court has held that the limitations as to time and territory were reasonable and enforceable: *Black v. Horowitz*, 203 Ga. 294, supra (5 years within Greater Atlanta Area) ; *Hood v. Legg*, 160 Ga. 620, supra (10 years within 300-mile radius) ; *Valdosta Drug Co. v. Mashburn Drug Co.*, 183 Ga. 471 (188 SE 694) (5 years within 110-mile radius) ; *Nelson v. Woods*, 205 Ga. 295 (53 SE2d 227) (5 years within county) ; *Pinson v. Moffat*, 209 Ga. 7 (70 SE2d 359) (5 years within city). See the following cases where this court has held restrictive covenants in employment contracts reasonable and enforceable: *Shirk v. Loftis Brothers & Co.*, 148 Ga. 500, supra (4 years within city) ; *Alad-*

*din, Inc. v. Krasnoff,* 214 Ga. 519 (105 SE2d 730) (2 years in Greater Atlanta Area); *Griffin v. Vandegriff,* 205 Ga. 288 (53 SE2d 345) (1 year within 3 counties); *Franco v. Fulton Bakery, Inc.,* 190 Ga. 298 (9 SE2d 240) (1½ years within 2 counties); *National Linen Service Corp. v. Clower,* 179 Ga. 136, supra (1 year within county); *Ogle v. Wright,* 187 Ga. 749 (2 SE2d 72) (6 months within 50-mile radius).

There is no merit in plaintiff's contention that the restrictive covenant was otherwise unreasonable because it became effective in the event his employment with the company was terminated for cause or otherwise. The contract provided in paragraph 9 that "nothing herein contained shall be construed as preventing the company from discharging Hamilton for cause or otherwise." A condition of the purchase of the business was that Hamilton would enter the employ of the company, but the company reserved the privilege of terminating his employment at any time. Since his employment was consideration flowing to the company, it could at any time release that consideration by terminating his employment and this would not take from him anything given him by the contract. He accepted the terms of the contract, agreed to work for the company not for any stated time, and the company bound itself to keep him only so long as it wished. The covenant is not unreasonable because the company reserved the right to terminate his services at any time with or without cause.

■ Even though the contract contains a provision for liquidated damages in the event of its breach, equity will enjoin the breach where, as here, the contract plainly shows that faithful performance of its covenants was intended. *Wells v. First National Exhibitors' Circuit, Inc.,* 149 Ga. 200, 201 (2) (99 SE 615). Hamilton admitted on the interlocutory hearing that he had opened an office in Augusta to sell insurance under the name of "Hamilton Insurance," and the record shows that it was opened within the 3-year period of the covenant.

■ The exception of the insurance agency to the denial of the prayer in its cross-bill that the plaintiff be temporarily enjoined from violating paragraph 6 of the employment contract is meritorious. Since that order was predicated on the erroneous judgment of the trial court that paragraph 6 is unenforceable,

and since as a matter of law plaintiff has no right to engage in the insurance business in Richmond and Columbia Counties, Georgia, and Aiken County, South Carolina, for a period of 3 years from the date of the contract, and that period has not expired, the trial court erred in denying defendant's prayer for a temporary injunction restraining plaintiff from violating paragraph 6.

There was no exception to the grant of a temporary injunction enjoining the insurance agency from enforcing paragraph 7 of the contract.

*Judgment reversed. All the Justices concur.*