23477. MANSFIELD v. B. & W. GAS, INC. et al.

QUILLIAN, Justice. This is a suit for an injunction to restrain the alleged violation of the terms of a contract between John Mansfield d/b/a Mansfield Oil Co., referred to in the contract as the "company," and Ned Stringer, styled "contractor," by which the "company" granted an exclusive franchise for the sale of propane gas to the "contractor." The contractual provision relied upon reads as follows: "based upon the considerations herein embodied, upon cancellation by either party for any reason, the contractor upon termination for a period of three years after the termination, regardless of who was at fault and regardless of any claims that either party might have against the other shall not sell, solicit, either as an agent or representative or an individual or help others to sell, give, advise or counsel in the sale of propane or butane products, supplies or equipment, own stock in corporations or engage directly or indirectly in partnerships or other entities engaged in the sale of propane or butane products within the territory herein defined or any additions or substitutions of said territory during the term of this agreement." The defined territory was described as "a 10-mile radius of the City of Jefferson, Jackson County, Georgia; however, the contractor shall have the right of solicitation within the confines of Banks County, Georgia." The contract also contained a

clause which provided: "During the operation of this agreement and any renewal thereof the contractor shall promote the good name of the Mansfield Oil Company, and at all times shall practice good business relations with the customers and failure to do so upon written notice by the company shall give the company the right to cancel said agreement after ten days of such notice." The petition alleged the former "independent contractor" for the plaintiff Mansfield, after his services were terminated, entered employment with B. & W. Gas, Inc. (hereinafter referred to as B. & W.), and was soliciting the plaintiff's customers and delivering propane products to the plaintiff's customers on behalf of the defendant B. & W., within the prohibited area. By amendment, an averment was added that B. & W. had actual knowledge of the contract in question and of the violations of the restrictive covenant by the individual defendant and that B. & W. purposefully and intentionally aided and abetted the individual defendant in those violations. The prayers were for temporary and permanent injunction and damages.

After the defendants answered, the cause came on for hearing on interlocutory injunction. Upon evidence being introduced by both sides, the trial judge vacated a temporary restraining order and denied the prayers of the plaintiff's petition. On motion made by B. & W. the trial judge also dismissed it as a defendant in the case. The plaintiff appeals from those orders and specifies the same as error. *Held:*

1. The contract provision was reasonable as to time and territory and was not otherwise unreasonable. Hence, it was enforceable by a court of equity. *Shirk v. Loftis Bros. & Co.,* 148 Ga. 500 (1) (97 SE 66); *National Linen Service Corp. v. Clower,* 179 Ga. 136 (175 SE 460); *Breed v. National Credit Assn.,* 211 Ga. 629, 631 (88 SE2d 15).

2. The appellees contend the provision is unenforceable since there is evidence showing the plaintiff did not do equity in that the defendant was fired without notice. In support of this contention they cite *Felton Beauty Supply Co. v. Levy,* 198 Ga. 383 (31 SE2d 651), which held that where the contract provided for notice to the employee before discharge such provision must be complied with in order to enforce the negative restrictive covenant portion of that contract. The reasoning behind this rule was that the contract was entire, not severable, hence the breach of one condition re-

leased the binding effect of ·the other conditions. However, the court pointed out (p. 388): "The character of the contract in such case [whether entire or severable] is determined by the intention of the parties."

In this case, from a reasonable construction of the evidence adduced by both sides it would appear that the parties mutually agreed, although inimically, to terminate their relationship. This is shown by the defendant Stringer's testimony that during a discussion with the plaintiff he complained about his working conditions and told the plaintiff that he could fire him if he so desired; whereupon, according to the defendant's testimony, the plaintiff accepted the invitation and terminated the relationship of employer and employee. Even if this were not so, here there is no question as to the intention of the parties, for the contract provided in unambiguous terms that the individual defendant, for a specified time and within a defined area, would not engage in the prohibited activity "upon cancellation by either party for any reason . . . regardless of who was at fault and regardless of any claims that either party might have against the other. . ." The contract further recited that the restrictive covenant was intended to be several from the other. provisions contained therein and "the company is not to be barred from enforcing them by reason of any breach of any part of this agreement." In such circumstances, whether the employee voluntarily terminated the contract or was involuntarily discharged would be of no consequence, for the covenant restricting the right of the individual to work for a competitor would not be contingent on the manner of termination but "regardless of who was at fault" would be valid and enforceable. See *Ogle v. Wright,* 187 Ga. 749 (2 SE2d 72); *Turner v. Robinson,* 214 Ga. 729 (107 SE2d 648); *Insurance Center v. Hamilton,* 218 Ga. 597, 603 (129 SE2d 801).

3. Since the record showed positively and without dispute that the individual defendant was soliciting customers and selling to them within the prohibited area in violation of the contractual provision, the trial judge erred in denying the prayers of the plaintiff's petition. *Morris-Forrester Oil Co. v. Taylor,* 158 Ga. 201 (122 SE 680); *Orkin Exterminating Co. v. Mills,* 218 Ga. 340 (127 SE2d 796).

4. In *Wallace Business Forms v. Elmore,* 221 Ga. 223, 224 (144 SE2d 82), where the petition failed to show any malicious

262

tortious acts on the part of the new employer to cause the former employee to violate his contract with his old employer, this court held the petition was subject to the new employer's general demurrer. *Williams v. Rio Grande Fence Co.*, 221 Ga. 633, 635 (2) (146 SE2d 630), contains this pronouncement: "While it is true that the amended petition alleges that this defendant [new employer] had knowledge of the [employee's] employment contract, it nevertheless fails to allege any act or conduct on this defendant's part which induced or caused the defendant [employee] to breach the terms of his contract with the plaintiff." Since the evidence did not show as a matter of law that the defendant B. & W. committed such malicious tortious act as to cause or induce the individual defendant to breach the terms of his contract with the plaintiff, the ruling on the motion to dismiss must be affirmed.

*Judgment on motion to dismiss affirmed. Judgment denying the prayers of the plaintiff's petition reversed. All the Justices concur.*

ARGUED MAY 10, 1966—DECIDED JUNE 9, 1966.

*Robert J. Reed, R. Elliott Dunn, Jr.*, for appellant.
*Floyd G. Hoard*, for appellees.