24901. ORKIN EXTERMINATING COMPANY, INC. v. HARRIS.

Argued October 15, 1968—Decided November 7, 1968.

*Irving K. Kaler, S. B. Lippitt,* for appellant.
*Robert H. Herndon,* for appellee.

Grice, Justice. A suit seeking injunctive relief against alleged violation of restrictive covenants as to employment produced this appeal. Orkin Exterminating Company, Inc., filed the action against its former employee, Billy Harris, in the Superior Court of Baldwin County. Upon conclusion of a hearing the trial court entered an order vacating a restraining order previously granted and denying the employer's prayer for interlocutory injunction. Enumerated as error are the entry of this order, and also the refusal to pass upon and grant the employer's motion for judgment on the pleadings.

At the hearing it appeared without dispute that the parties

entered into a written contract of employment dated December 31, 1964, which, among other matters, prohibited the employee for a period of two years immediately following its termination "for any reason whatsoever," directly or indirectly, for himself or on behalf of any other person or company, from calling upon or soliciting customers of Orkin and from engaging in the same business in a designated area of this State. It also appeared without contradiction that the employee, during the prohibited time and within the prohibited area, made such solicitations and engaged in the same business.

The same contract provisions in issue here have been upheld as reasonable restraint of trade and therefore enforceable by this court in the following cases: *Orkin Exterminating Co., Inc. of South Georgia v. Mills*, 218 Ga. 340 (127 SE2d 796); *Thomas v. Orkin Termite Co., Inc.*, 222 Ga. 207 (149 SE2d 85); *Orkin Exterminating Co., Inc. v. Gill*, 222 Ga. 760 (152 SE2d 411); and *Rider v. Orkin Exterminating Co., Inc.*, 224 Ga. 145 (160 SE2d 381). The *Mills* and *Gill* cases, supra, involved, as here, denial of temporary injunctions and were reversed by this court.

■ In the case at bar the employee seeks to excuse his admitted violation of the covenants as to solicitation and competition upon the ground that the evidence showed the employer had breached the contract. He claims (1) that he was not paid certain compensation due him and therefore there was a failure of consideration for the covenants now in question; (2) that the employer sought to have him agree to a new contract provision as to compensation and upon his refusal, wrongfully terminated his employment; and (3) that the employer had failed to instruct him on the secret methods and means of pest control referred to in the contract and thereby made a material misrepresentation as to the benefits accruing to him under the contract.

This contention is not meritorious.

We regard the *Gill* case, 222 Ga. 760, supra, as controlling.

There the employee defended upon the ground that the employer had discharged him, in violation of the terms of the contract, and thereby failed to do equity. The trial court based its denial of injunction upon that defense. However, upon review, this court's opinion stressed the contract language that " '*These*

*covenants* [restrictive] *on the part of the employee shall be construed as an agreement independent of any other provision in this agreement, and the existence of any claim or cause of action of the employee against the company whether predicated on this agreement or otherwise, shall not constitute a defense to the enforcement by the company of said covenants.'* (Emphasis supplied.)" The contract in the case at bar contains this same provision.

The *Gill* opinion stated that the case was controlled by *Mansfield v. B. & W. Gas, Inc.*, 222 Ga. 259 (2) (149 SE2d 482), which said that under a comparable contract ". . . whether the employee voluntarily terminated the contract or was involuntarily discharged would be of no consequence, for the covenant restricting the right of the individual to work for a competitor would not be contingent on the manner of termination but 'regardless of who was at fault' would be valid and enforceable." This court then held that under the *Mansfield* decision the trial judge "was bound as a matter of law to grant the temporary injunction, and it was error not to do so." *Orkin Exterminating Co. v. Gill*, 222 Ga. 760, 765, supra.

The ruling thus made in the *Gill* case, and its supporting *Mansfield* decision, that the covenants in the contract are independent, compels the conclusion that the contentions relied upon by the employee here are not maintainable. See also the *Rider* case, 224 Ga. 145, supra, especially in connection with the contention as to failure of consideration.

We therefore hold that the evidence demanded the injunctive relief sought, and that its denial was error.

■ However, we conclude that the trial court properly refused to pass upon and grant the employer's motion for judgment on the pleadings, filed pursuant to Georgia Laws 1966, pages 609, 623 (*Code Ann.* § 81A-112 (c)). This motion averred in essence that under the verified pleadings a judgment in its favor was demanded. However, when the employer insisted that this motion be ruled upon, the 30-day period allowed for filing defensive pleadings (Ga. L. 1966, pp. 609, 622-623; *Code Ann.* § 81A-112 (a)), had not expired. Therefore consideration of this motion would have been premature.

*For the foregoing reasons judgment as to denial of the injunctive relief is reversed, and the refusal to rule on the motion for judgment on the pleadings is affirmed. All the Justices concur.*