26374.   LABOR POOL OF ATLANTA, INC. v.
ALPS, INC. et al.

FELTON, Justice. "A contract of employment containing restrictive provisions as to the right of the employee to work for a competitor of the employer in the territory within one year after termination of the employment, and requiring one week's notice before the employment can be terminated, is an entire contract and the whole contract must stand or fall together. If the employer discharges the employee in violation of the provision requiring one week's notice, he is not entitled, in equity, to enjoin the employee from working for a competitor." *Felton Beauty Supply Co. v. Levy,* 198 Ga. 383 (31 SE2d 651, 155 ALR 647); *WAKE Broadcasters v. Crawford,* 215 Ga. 862 (1) (114 SE2d 26).

In the instant case the plaintiff employer violated the provision of the employment contract requiring two weeks' termination notice, hence is not entitled to enforce the contract's restrictive covenant against competiton by enjoining either the defendant former employee or the defendant competitor corporation by which the employee is now employed; therefore, the trial court did not err in its judgment dissolving and refusing to reissue a temporary injunction against the defendants.

> *Judgment affirmed. All the Justices concur.*
> ARGUED MARCH 9, 1971—DECIDED APRIL 8, 1971.

*Lipshutz, Macey, Zusmann & Sikes, Gary C. Furin,* for appellant.

*William C. Rimmer, Jr.,* for appellees.