## 28518. DAUBRESSE v. SMITHEY.

NICHOLS, Justice. The defendant was engaged in the business of containerized (commercial) garbage pick up service, as well as in residential (non-containerized) garbage pick up service under two corporate structures. In November 1972 the plaintiff purchased all of the stock of Waste Disposal Service, Inc. from the defendant which corporation was engaged in containerized garbage service and as a part of such purchase agreement the parties entered into an agreement, the terms of which prohibited the plaintiff from engaging in the residential garbage service and the defendant from engaging in the containerized garbage service for a period of 5 years in any county in the State of Georgia in which the other, individually or acting through a corporation or partnership in which he is a principal owner or stockholder is then engaged in such business. Thereafter the plaintiff sold his stock in Waste Disposal Service, Inc. to SCA Services, Inc. in exchange for stock in the latter company, which company is a national corporation engaged in all facets of waste disposal. The present action was originally filed to enjoin the defendant from aiding directly or indirectly a newly organized containerized garbage disposal company in the Dalton area. By a cross complaint the defendant sought to enjoin the plaintiff from violating the agreement based upon the fact that a wholly owned subsidiary of the national corporation, in which the plaintiff now owns stock as a result of the above sale, is operating a residential garbage service in Whitfield County and has obtained a license to do business in the City of Dalton. The trial court, after hearing evidence, refused to issue an injunction against either party because both have violated the terms of the non-competition agreement. The plaintiff in the trial court filed this appeal.

It was stipulated on the trial of the case that the contract was reasonable as to time and territory. Accordingly this question was not before the trial court and is not before this court for decision. The defendant in the trial court did not appeal from the findings of the trial court that he had violated the agreement and the sole question for decision is whether the competition in the area covered by the contract by a wholly owned subsidiary of a corporation to which the defendant had sold all his stock in exchange for its stock violates such agreement.

The contract specifically provided: "Purchaser agrees that for a period of five (5) years hereafter, he will not, either alone or while acting as an officer or director of Waste Disposal Service, Inc., or in association with others, directly or indirectly engage or compete against C & S Garbage Service, Inc., in its residential or commercial hand pick up service in any County in the State of Georgia in which C & S Garbage Service, Inc., or seller, individually or acting through a corporation or partnership in which he is a principal owner or stockholder, is then engaged in such business."

The real question in this case is, is it permissible, in order to avoid a non-competition agreement, to establish an organization composed of separate but wholly owned corporations and thus do indirectly that which is prohibited from being done directly.

According to the plaintiff's testimony he is still President and General Manager of Waste Disposal Service, Inc. Waste Disposal Service, Inc. is now a wholly owned subsidiary of SCA Services, Inc. The competing corporation is a national corporation and Waste Disposal Service, Inc. amounts to only a small portion of its business. Nevertheless the plaintiff is engaged in such business and is a stockholder obviously interested in the total goals of SCA Services, Inc.

It has been held, in dealing with such contracts, that that which may not be done directly may not be done indirectly. Compare *Morris-Forrester Oil Co. v. Taylor,* 158 Ga. 201 (122 SE 680).

In *Jefferson v. Markert & Co.,* 112 Ga. 498, 505 (37 SE 758), this court quoted approvingly from Kramer v. Old, 119 N. C. 1 (3) (56 ASR 650), as follows: "Where the vendors of a property and business stipulate that they will not engage in the same business in the same place thereafter neither of them has the liberty to take stock in or to help organize or manage a corporation formed to compete with the purchasers." This is also true of a purchaser who as a part of the agreement to purchase stipulates that he

will not enter into a competing business with the seller who is continuing in business in the area.

Obviously if the plaintiff had exchanged his stock in Waste Disposal Service, Inc., for SCA Services, Inc. stock and SCA Services, Inc. had then operated Waste Disposal Service, Inc. as a division of its parent corporate structure rather than a wholly owned subsidiary, and the competing wholly owned corporation as a division of the parent corporation, such conduct would have violated the agreement. It can not be said that by operating a separate wholly owned subsidiary corporation it may do indirectly what it is not permitted to do directly.

The trial court was authorized to find that both the plaintiff and the defendant had violated the agreement and a refusal of an injunction to either party was not error. Code § 37-112.

*Judgment affirmed. All the Justices concur.*

SUBMITTED DECEMBER 14, 1973 — DECIDED JANUARY 28, 1974 — REHEARING DENIED FEBRUARY 18, 1974.

*McCamy, Minor, Phillips & Tuggle, James H. Phillips,* for appellant.

*Mitchell, Mitchell, Coppedge & Boyett, D. W. Mitchell, Jr.,* for appellee.