COMBINED INSURANCE COMPANY OF AMERICA v. ROBERT WAYNE McDONALD

No. 773SC338

(Filed 2 May 1978)

**Master and Servant § 11.1— failure of employer to give notice of termination of employment—covenant not to compete not affected**

The mere failure of an employer to give the notice of termination of employment provided for in its contract of employment with its employee, nothing else appearing, does not as a matter of law constitute a material breach which will prevent the employer's seeking equitable remedies to prevent a breach of a covenant prohibiting the employee from competing with the employer within a reasonable area and time; where such contracts are severable, covenants against competition will be defeated only if the party seeking to enforce them has engaged in a breach which is material and thus goes to the heart of the contract.

APPEAL by defendant from *Webb, Judge.* Judgment entered 1 December 1976 in Superior Court, PITT County. Heard in the Court of Appeals 8 February 1978.

This is an action in contract by which the plaintiff sought to enforce anti-competition covenants in its employment contracts with its former employee, the defendant. The defendant denied enforceability of the covenants due to a material breach of the contracts by the plaintiff's failure to give him advanced notice of termination as required by the last contract entered into by the parties. The defendant also alleged damages resulting from his having been wrongfully enjoined.

The defendant, Robert W. McDonald, was employed by the plaintiff, Combined Insurance Company of America, to sell its health and accident insurance as a commissioned agent. The plaintiff and defendant executed a "District Manager's Contract" on 16 October 1972, pursuant to which the defendant served as a district sales manager of the plaintiff until 3 June 1974. The plaintiff and defendant executed a "Representative Standard Contract" on 26 August 1974, pursuant to which the defendant continued to sell the plaintiff's health and accident policies. Both contracts contained covenants which prevented the defendant from competing with the plaintiff within the territory assigned for a period of two years after termination of the employment. The parties stipulated that these covenants were reasonable and enforceable both as to time and geographical limits. The "Representative Standard Contract" provided for termination by either party upon ten days' notice to the other.

At a meeting of the plaintiff's sales agents on 29 March 1975, the plaintiff informed the defendant and other sales agents that it was changing the status of all of its sales agents from independent contractors to employees. The new contract differed from the existing contract in numerous particulars, and the changes were primarily favorable to the plaintiff. The defendant and others attending the meeting were told that those having questions should discuss them with the plaintiff's representatives. One of these representatives stated that each sales agent would be required to enter one of the new contracts with the plaintiff in order to continue selling its policies after 31 March 1975.

The defendant did not sign the new employee contract with the plaintiff, and his employment terminated on 31 March 1975.

He began selling health and accident insurance for another insurance company on 2 April 1975. Some of his sales for his new employer were made to the plaintiff's present or former policyholders within the geographical areas designated in the defendant's contracts with the plaintiff. These sales activities were prohibited by the restrictive covenants in the contracts entered into by the defendant and the plaintiff prior to 31 March 1975.

The plaintiff commenced this action seeking injunctive and other relief. A temporary restraining order enforcing the restrictive covenants and prohibiting such competition by the defendant was entered on 21 May 1975. The temporary restraining order was later continued in effect by a preliminary injunction.

When the case came on for trial during September of 1976, the passage of time and other events had rendered the plaintiff's claim for relief moot. By consent of the parties, the case was heard by the trial court without a jury on the issue of whether the defendant had been wrongfully enjoined. The trial court was also to determine what, if any, damages to the defendant had resulted, if the injunction had been wrongfully sought and entered.

The trial court in its judgment of 1 December 1976 determined that, there being no evidence of any breach of the "District Manager's Contract" by the plaintiffs, the defendant had not been wrongfully enjoined, and the covenant therein prohibiting competition was valid and enforceable by injunction until the time of its expiration on 3 June 1976. The trial court also determined that the covenant in the "Representative Standard Contract" prohibiting competition was valid and enforceable by injunction, and that the injunction enforcing it against the defendant had not been wrongful. The trial court ordered the defendant recover nothing and that the preliminary injunction be made permanent and continue until 30 March 1977. From this judgment the defendant appealed.

*Sanford, Cannon, Adams & McCullough, by H. Hugh Stevens, Jr. and J. Allen Adams, and Speight, Watson & Brewer, by W. H. Watson, for plaintiff appellee.*

*Boyce, Mitchell, Burns & Smith, by Eugene Boyce and Lacy M. Presnell III, for defendant appellant.*

MITCHELL, Judge.

The defendant, Robert Wayne McDonald, brought forward and argued numerous exceptions and assignments of error. All of them center around the single issue of whether the trial court erred in holding that the plaintiff, Combined Insurance Company of America, forfeited its rights to enforce the covenants against competition in its two contracts with the defendant by its failure to provide him with the ten days' notice of termination of his employment provided for in the last of those contracts.

The defendant first contends that the plaintiff's failure to give ten days' notice of the termination of his employment was, as a matter of law, a material breach of the contracts which would prohibit the plaintiff from enforcing the covenants of the contracts requiring the defendant withhold from competing with the plaintiff within the specified area for two years from the date of termination of each contract.

The record before us is absolutely devoid of any evidence or other indication that the plaintiff in any way breached any of the terms or conditions of the "District Manager's Contract." We find, therefore, that the trial court properly enjoined the defendant from violating the covenant against competition in that contract and from competing with the plaintiff prior to 3 June 1976 in the geographical area designated in the contract.

During oral arguments before us, counsel for the plaintiff acknowledged, however, that the plaintiff did terminate the defendant on 31 March 1975 without the ten days' notice provided for in the "Representative Standard Contract." The defendant contends that the plaintiff's breach of this provision of the contract relieved him of his obligation not to compete with the plaintiff for two years from the date of the termination. He contends injunctive relief was, therefore, erroneously granted the plaintiff. We do not agree.

Our courts have long recognized that a party seeking equitable relief, such as injunctive relief, must come before the court with "clean hands." Those who seek equitable remedies must do equity, and this maxim is not a precept for moral observance, but an enforceable rule. 5 Strong, N.C. Index 3d, Equity,

§ 1.1, p. 623. Injunctive relief to enforce the terms of a contract will not be granted a party who has himself breached the terms of the contract when his breach is substantial and material and goes to the heart of the agreement. Where the breach by the party seeking enforcement of a contract by injunctive relief is not material, however, it will not prevent him from obtaining such equitable relief. *Wilson v. Wilson*, 261 N.C. 40, 43, 134 S.E. 2d 240, 243 (1964).

The defendant relies primarily upon the case of *Felton Beauty Supply Company v. Levy*, 198 Ga. 383, 31 S.E. 2d 651, 155 A.L.R. 647 (1944) in support of his contention that the plaintiff's failure to give the notice of termination required by the contract was a material breach as a matter of law which would bar equitable relief to enforce the defendant's covenant not to compete with the plaintiff. In that case the Supreme Court of Georgia specifically stated that its decision was, in large measure, based upon the fact that the contract before it for consideration was clearly intended by the parties to be one contract and entire and not severable. Thus, it was held that the covenants of the contract must stand or fall together, and a breach by one of the parties relieved the other party of its obligations.

We do not find the opinion of the Supreme Court of Georgia in *Felton Beauty Supply* to establish a rule substantially differing from the rule long followed by our courts in similar instances. Our courts have also held that contracts which are entire may not be violated without violating the whole, and a breach by one party of a material part will discharge the whole at the option of the other party. *Edgerton v. Taylor*, 184 N.C. 571, 577, 115 S.E. 156, 159 (1922).

The "Representative Standard Contract" in question here, however, specifically stated in its terms that it was to be "construed as being severable" and not as entire. Additionally, that contract specifically provided that the covenants prohibiting the defendant from competing with the plaintiff for two years after termination "are especially of the essence" of the contract. The provision for notice of termination was not made "of the essence." In cases involving contracts very similar to the one before us, the Supreme Court of Georgia has distinguished its prior decision in

*Felton Beauty Supply* and held that, in situations involving severable contracts, failure to give notice of termination as required by the contracts did not defeat the right to enforce the covenant prohibiting competition. *Orkin Exterminating Company v. Gill*, 222 Ga. 760, 152 S.E. 2d 411 (1966); *Mansfield v. B. & W. Gas, Inc.*, 222 Ga. 259, 149 S.E. 2d 482 (1966).

Other Georgia cases cited by the defendant do not indicate whether the contracts involved were by their terms made severable or entire and are of no assistance to us. We have also reviewed the cases from other jurisdictions cited by both parties and find them not to be terminative of the issues presented.

We hold that the mere failure of an employer to give the notice of termination of employment provided for in its contract of employment with its employee, nothing else appearing, does not as a matter of law constitute a material breach which will prevent the employer's seeking equitable remedies to prevent a breach of a covenant prohibiting the employee from competing with the employer within a reasonable area and time. *See,* Annot. 155 A.L.R. 652 (1945). Where such contracts are severable, covenants against competition will be defeated only if the party seeking to enforce them has engaged in a breach which is material and, thus, goes to the heart of the contract. *Wilson v. Wilson*, 261 N.C. 40, 43, 134 S.E. 2d 240, 243 (1964); *Edgerton v. Taylor*, 184 N.C. 571, 577, 115 S.E. 156, 159 (1922).

Whether a failure to perform a contractual obligation is so material as to discharge other parties to the contract from further performance of their obligations thereunder is a question of fact which must be determined by the jury or, in appropriate cases such as this case, by the trial court without a jury. *See,* Restatement of Contracts, §§ 274-275 (1932). Here, the clear intent of the parties to the contract, as expressed therein, and the stipulated fact of the defendant's employment with another company within two days, constituted evidence of the parties' intent that the notice of termination provision not be deemed material. This conclusion was also amply supported by other evidence before the trial court.

We hold that the trial court's judgment of 1 December 1976, granting injunctive relief and ordering that the defendant recover

nothing of the plaintiff by reason of the entry of the prior restraining order and injunction, was proper. For the reasons stated, the judgment of the trial court is

Affirmed.

Judges VAUGHN and ERWIN concur.