## 34266. CARROLL v. HARRIS.

JORDAN, Justice.

This appeal is from the grant of an interlocutory injunction.

Dr. William M. Harris brought a complaint against Dr. James M. Carroll alleging that Dr. Carroll had breached a covenant of an employment contract between the parties by establishing a practice of chiropractic within a 20-mile radius of Harris Chiropractic Center within two years of Dr. Carroll's termination of his employment.

The "Memorandum of Agreement" in pertinent part is as follows:

"For mutual benefit Dr. William Harris and Dr. James M. Carroll entered the following agreement for a period of 2 years with a continuing option:

"Dr. Carroll agrees to become an employee of the Harris Chiropractic Center.

"His beginning salary will be $1,100 per month payable on the first and fifteenth of each month and will be subject to all withholding taxes.

"At the end of the first year Dr. Carroll will receive $1,100 per month and 25% of the gross income of Harris Chiropractic Center over $14,000 per month. . .

"If there is a termination of this contract Dr. Carroll cannot practice within a twenty mile radius of Harris Chiropractic Center for a period of two years. To do so would subject Dr. Carroll to $10,000 immediate payment in full for injury to Harris Chiropractic Center income."

Harris Chiropractic Center was made a party on the motion of Dr. Carroll. After a hearing, in which Dr. Carroll admitted that he had terminated his employment within the period of two years from the signing of the agreement, and had established his practice of chiropractic within a radius of twenty miles of Harris Chiropractic Center, the trial judge ordered that Dr. Carroll "is restrained from the practice of chiropractic within a twenty mile radius of Harris Chiropractic Center, Inc. until a final determination in this matter, or for a period of two years, or until defendant makes the 'payment provided for under the terms of the

Memorandum of Agreement between plaintiffs and defendant, less any setoff due to defendant, whichever shall occur first." The appeal is from this order.

While the "Memorandum of Agreement" is brief, it is not too vague and indefinite as to the restrictive covenant to be enforced. The restrictions of the agreement were not larger than necessary to protect the appellee, and were reasonable as to time and territory. The trial judge did not err in not permitting the appellant to defend against the contract by showing the default of the appellee on his separate contract to hire the appellant's wife.

The provision in the agreement for liquidated damages in the event of its breach would not prevent a court of equity from enjoining the appellant, since the agreement plainly shows that a faithful performance of its covenants was intended. *Wells v. First Nat. Exhibitors' Circuit,* 149 Ga. 200 (2) (99 SE 615) (1919); *Insurance Center v. Hamilton,* 218 Ga. 597, 603 (3) (129 SE2d 801) (1963).

The evidence shows, however, that the appellee has not performed all his obligations under the contract, which raises the issue of whether he can obtain the equitable relief of injunction.

In the appellee's complaint he alleged that "certain funds" are due the appellant under the terms of the contract between them, and that he is ready, willing, and able to tender such funds to the appellant either directly or as a setoff against the liquidated damages stated in the contract. At the hearing the appellee testified that he owed the appellant some portion of the payments due under the contract, but that when the appellant quit his employment, he showed the appellant a check covering this amount and told the appellant that he was keeping it to apply against the $10,000 penalty if he practiced within the forbidden territory. The appellee further testified that he did not know the amount owed to the appellant, that his bookkeeper would know the amount, and that he had not tendered any amount into court.

In *Felton Beauty Supply Co. v. Levy,* 198 Ga. 383 (31 SE2d 651) (1944), a contract of employment containing restrictive provisions was found to be an entire contract, and the violation of one provision of the contract by the

employer was held to prevent the employer from obtaining injunction against the employee to prevent him from working for a competitor. This case was followed by *Labor Pool of Atlanta v. Alps, Inc.,* 227 Ga. 463 (181 SE2d 385) (1971). See also *Daubresse v. Smithey,* 231 Ga. 725, 727 (204 SE2d 133) (1974).

A different rule has been announced in cases where the contract was severable and provided specifically that the employer would not be barred from enforcing the restrictive covenant by reason of the employer's breach of any part of the contract. *Mansfield v. B. & W. Gas,* 222 Ga. 259, 260 (2) (149 SE2d 482) (1966); *Orkin Exterminating Co. v. Gill,* 222 Ga. 760 (152 SE2d 411) (1966); *Orkin Exterminating Co. v. Harris,* 224 Ga. 759 (1) (164 SE2d 727) (1968).

The agreement in the present case has no severability clause such as those in the last cited cases. By the failure of the appellee to comply with his obligations under the contract to make payments due the appellant for his services, he forfeited his right to obtain injunctive relief against the appellant.

The trial judge erred in granting the interlocutory injunction. The parties are left to their legal remedies under the contract.

*Judgment reversed. All the Justices concur.*

Submitted November 20, 1978 — Decided January 24, 1979.

*Frank F. Faulk, Jr.,* for appellant.
*Malone & Percilla, Del Percilla, Jr., Thomas W. Malone,* for appellee.