GENE'S, INC., PLAINTIFF v. CITY OF CHARLOTTE, DEFENDANT.

(Filed 20 March 1963.)

1. Injunctions § 14—

Failure of defendant to appeal from the continuance of a temporary restraining order does not entitle plaintiff to judgment at the hearing on the merits, since the preliminary determination not only does not constitute *res judicata* but may not even be considered at the final hearing.

2. Municipal Corporations § 29—

The owner of a drive-in restaurant abutting a street at an intersection is not entitled to restrain the municipality from constructing a median preventing the left turning of traffic into or from the intersecting street, even though the median is not constructed across an intersection some four

miles distant at which a competitor maintaines its business, since the municipality is vested with police power to regulate or divert vehicular traffic upon the streets. G.S. 160-200(11), (31).

3. Appeal and Error § 19—
An assignment of error not supported by exception duly noted in the record will not be considered.

APPEAL by plaintiff from *Pless, J.,* January 7, 1963 Special "A" Term of MECKLENBURG.

Plaintiff instituted this action to restrain the City of Charlotte from constructing a median strip in front of its property on Independence Boulevard.

For the purpose of this appeal, the admissions in the pleadings and the plaintiff's evidence establish the following facts:

On December 4, 1961, the City Council of Charlotte adopted the recommendation of its Traffic Engineering Department that a raised median be constructed along the center of Independence Boulevard from Caldwell Street to Sharon Amity Road in the City. Independence Boulevard between East Fourth Street and Elizabeth Avenue is included within this area. Plaintiff owns and operates Jerry's Drive-In Restaurant which is located in the northwest corner of the intersection of Independence Boulevard and Fourth Street about fifteen feet from Fourth Street. The restaurant has three driveways into Independence Boulevard and one into East Fourth Street. On December 4, 1961, there was a median in the Boulevard in front of plaintiff's restaurant. However, it contained an opening which permitted vehicles leaving the restaurant to turn left in order to go north on the Boulevard and permitted vehicles traveling north to turn left into the restaurant driveway. The City now proposes to construct an unbroken median strip which would separate opposing traffic lanes. It would not affect the access of traffic proceeding south on the Boulevard and west on Fourth Street to the restaurant, but northbound traffic on the Boulevard would have to go past the restaurant to the end of the block, turn left and come back south to reach it. Cars leaving the restaurant, in order to go north, would have to turn right, or south, on the Boulevard and make a left turn at the next block or leave the restaurant from the Fourth Street entrance and go aound the block. The latter mode of exit would greatly increase the congestion of plaintiff's lot because of the lack of space between the building and Fourth Street. During rush hours, when plaintiff's business is heaviest, Fourth Street has three lanes for eastbound traffic and a left turn across these lanes, as a practical matter, is impossible. About four miles from the plaintiff's restaurant is a drive-in restaurant, called South 21, which the pro-

posed median "in no way obstructs any driveway access." Plaintiff expects to lose from sixty to seventy dollars a day, seven days a week, if the median is perfected.

None of the maps or exhibits referred to in the evidence were sent up with the case on appeal and this omission handicaps the opinion. For the sake of clarity we have treated Independence Boulevard between Fourth Street and Elizabeth Avenue as running north and south; Fourth Street, east and west.

Plaintiff alleges that the construction of an unbroken median strip in front of its place of business will cause it irreparable damage from the loss of business; that it is unnecessary, unreasonable, and discriminatory as to it in that customers of other drive-in restaurants in the City of Charlotte have access to them by means of left turns across the street.

On February 27, 1962, Judge W. K. McLean signed a temporary injunction restraining the City from constructing the median; on March 29, 1962, Judge Hal H. Walker continued the injunction until the trial which was had on January 17, 1963 before Judge J. Will Pless. At the close of plaintiff's evidence the defendant's motion for judgment of nonsuit was allowed but Judge Pless, in his discretion, continued the restraining order pending the outcome of this appeal. The judgment recites that by consent the judge heard the case without a jury. No objection or exception to this recital appears in the record.

*Plumides & Plumides for plaintiff appellant.*
*John T. Morrisey, Sr., for defendant appellee.*

SHARP, J. Every municipal corporation has specific statutory authority to adopt such ordinances for the regulation and use of its streets as it deems best for the public welfare of its citizens and to provide for the regulation and diversion of vehicular traffic upon its streets. G.S. 160-200 (11), (31). It is the exercise of the police power vested in the City of Charlotte by this statute which the plaintiff has had restrained for over a year and which it seeks to restrain permanently.

When this case was called for trial, the plaintiff made a motion for judgment on the pleadings and that the temporary restraining order be made permanent "upon the theory that the City not having appealed from said order, that the matter has now been adjudicated. . ." The denial of this motion is the subject of plaintiff's first assignment of error. It is overruled. Plaintiff was not entitled to a judgment on the pleadings, and the granting of the temporary injunction was no determination of the case upon its merits.

"The findings of fact and other proceedings of the judge who hears the application for an interlocutory injunction are not binding on the parties at the trial on the merits. Indeed, these findings and proceedings are not proper matters for the consideration of the court or jury in passing on the issues determinable at the final hearing." *Huskins v. Hospital,* 238 N.C. 357, 78 S.E. 2d 116.

In the recent case of *Barnes v. Highway Commission,* 257 N.C. 507, 126 S.E. 2d 732, decided since the preliminary injunction was issued in this case, *Justice Bobbitt* thoroughly explored the rights of an abutting landowner when a median strip, separating the flow of traffic, is placed in the highway. In the *Barnes* case, as in this, plaintiff did not contend that the public safety was not served by the median strip. He sought compensation for an alleged diminution in the value of his property which fronted on U. S. Highway No. 401 when the north and south-bound traffic lanes were separated by a median strip. The Court said: "The separation of the lanes of #401 for northbound traffic from the lanes thereof for southbound traffic was and is a valid traffic regulation adopted by the Highway Commission in the exercise of the police power vested in it by G.S. Chapter 136, Article 2, and injury, if any, to petitioner's remaining property *caused thereby* is not compensable."

When an ordinance is within the grant of power to the municipality, the presumption is that it is reasonable. *State v. Hundley,* 195 N.C. 377, 142 S.E. 330. Independence Boulevard is a four-lane street in Charlotte, the State's largest city. A median strip, completely separating traffic moving in opposite directions on it, and preventing left turns except at intersections, is an obvious safety device clearly calculated to reduce traffic hazards. Plaintiff still has free and unhampered ingress and egress to its property. It has no property right in having the flow of traffic past its drive-in restaurant remain unchanged from December 4, 1961.

As noted in the opinion in *Barnes, supra,* in an annotation entitled "Power to Restrict or Interfere with Access of Aubutter by Traffic Regulations," 73 A.L.R. 2d 689, 692, the author states: "In no case has a court held unreasonable, on account of interference with access, a regulation of the general direction, flow, or division of all traffic on a given street or highway." Certainly there is nothing in this record to suggest that the ordinance under consideration is either unreasonable or oppressive. It was a proper exercise of the City's police power. The testimony by plaintiff's president that there is a left-turn lane in front of South 21 on Independence Boulevard, four miles away from Jerry's

Drive-In, does not tend to show that the ordinance confers upon the City Council a power to discriminate arbitrarily as between drive-in restaurants. The motion for nonsuit was properly allowed.

For the first time, in its assignments of error, plaintiff complains that it was denied a jury trial. Even if there were issues of fact in this case, it would not be necessary to consider this assignment since it is not supported by any exception in the record. "Purported exceptions appearing nowhere except in the assignments of error will not be considered on appeal." *Vance v. Hampton*, 256 N.C. 557, 561, 124 S.E. 2d 527; *Bulman v. Baptist Convention*, 248 N.C. 392, 103 S.E. 2d 487.

The judgment below is
Affirmed.