B. E. STRICKLAND AND MARGARET E. STRICKLAND, PETITIONERS v. ODELL
C. TANT, WOODLAWN MEMORIAL GARDENS, INC., GETHSEMANE
MEMORIAL GARDENS, INC., RESPONDENTS

No. 7810SC764

(Filed 5 June 1979)

1. **Cemeteries § 2— removal and reinterment of remains**
    G.S. 65-13 does not provide the exclusive grounds for the disinterment of
    a body but speaks only to the situation where a body has been properly inter-
    red but for some reason justified by public interest or by some compelling
    private interests it is necessary to disinter, remove and reinter the body.

2. **Cemeteries § 2— burial in wrong plot—disinterment required—no responsibili-
    ty of next of kin**
    Evidence was sufficient to support the trial court's conclusion that peti-
    tioners were entitled to the unencumbered possession of burial plots described
    in their petition and that compelling reasons existed for requiring the removal
    of the remains of respondent's wife from the petitioners' plot; however, the
    trial court erred in requiring respondent, as next of kin of the deceased per-
    son, to remove her remains where it was clear from the record that respond-
    ent was not responsible for the burial in the plot owned by petitioners.

APPEAL by respondent Odell C. Tant from *Clark, Judge.*
Judgment entered 9 June 1978 in Superior Court, WAKE County.
Heard in the Court of Appeals on 2 May 1979.

The petitioners instituted this action against the respondents
as a result of the burial of respondent Odell Tant's late wife in a
burial lot owned by the petitioners. Petitioners prayed for an
Order requiring the respondent Woodlawn Memorial Gardens,
Inc. "to remove and disinter the remains of Mrs. Odell C. Tant at
their own expense." Respondent Woodlawn Memorial Gardens,
Inc., and respondent Odell C. Tant each filed an answer. The facts
of this case are not in controversy. On 1 April 1963, the peti-
tioners purchased and acquired title to two burial lots in
Gethsemane Memorial Gardens, a private cemetery operated by
the respondent Woodlawn Memorial Gardens, Inc. in Zebulon,
North Carolina. On 24 June 1963, respondent Odell C. Tant and
his wife, Alice F. Tant, purchased and acquired title to four burial
lots in Gethsemane Memorial Gardens. The burial lots owned by
the petitioners were known as Lot 74A, Spaces 1 and 2. The
burial lots owned by the respondents were known as Lot 74,
Spaces 1, 2, 3, and 4, Section C. The two burial lots adjacent to

those owned by the petitioners, Lot 74A, Spaces 3 and 4, are own-ed by the petitioner B. E. Strickland's brother and sister. On 8 May 1973, Alice F. Tant, the wife of the respondent, died, and on 10 May 1973, she was interred in Lot 74A, which was owned by the petitioners. Petitioners were not aware that Alice Tant had been buried in their lot until 10 April 1976. The respondent Odell Tant was not aware that his wife had been interred in the peti-tioners' space until he was so advised by Mr. Krause of Gethsemane Memorial Gardens. The burial arrangements were made by Screws and Hudson Funeral Home and persons other than the respondent Odell Tant. The respondent is willing to pay the petitioners for the fair market value of this lot or exchange lots; however, he is unwilling and has refused to consent to removal of the body of his late wife and its reinterment in spaces owned by him.

The petitioners and respondent Odell Tant moved for sum-mary judgment, and on 9 June 1978 petitioners' motion for sum-mary judgment was granted. The trial judge ordered respondent Odell Tant to remove the remains of his next of kin, Alice Tant, from the petitioners' Lot 74A and have them transferred to a suitable burial place. Respondent Odell Tant appealed.

*Manning, Fulton & Skinner, by Howard E. Manning, Jr., for petitioner appellees.*

*J. Michael Weeks for respondent appellant Odell C. Tant.*

*Johnson, Gamble & Shearon, by Samuel H. Johnson, for respondent appellee Woodlawn Memorial Gardens, Inc.*

HEDRICK, Judge.

[1] Respondent Odell Tant's single assignment of error is to the trial court's entry of summary judgment in favor of the peti-tioners. Respondent Tant first contends that G.S. § 65-13 "pro-hibits the disinterment, removal and reinterment of graves except as set forth in the statute." While we recognize that the disinterment of a body is generally not favored in law, we never-theless do not believe that the statute provides the exclusive grounds for the disinterment of a body. The statute speaks to the situation where a body had been *properly* interred, but for some reason justified by the public interest [*e.g.*, G.S. § 65-13(a)(1) by a

governmental agency when "removal is reasonably necessary to perform its governmental functions"] or by some compelling private interests [*e.g.*, G.S. § 65-13(a)(2) by a church authority to erect a new church or expand existing church facilities] it is necessary to effect a disinterment, removal, and reinterment. G.S. § 65-13 nowhere provides for the situation where there has been an improper interment, and thus we think the statute is inapplicable to the case at bar. At oral argument, both petitioners and respondent Tant conceded that G.S. § 65-13 has no application in this case.

[2] Respondent Tant next contends that summary judgment for the petitioners was inappropriate because they have failed to show "compelling reasons" for the disinterment of his late wife's remains. In order for a party to be entitled to summary judgment, two things must be shown: (1) that there exists no genuine issue as to any material fact, and (2) that any party is entitled to judgment as a matter of law. G.S. § 1A-1, Rule 56(c); *Kidd v. Early*, 289 N.C. 343, 222 S.E. 2d 392 (1976). In its judgment, the trial court entered separate findings of fact and conclusions of law in accordance with Rule 52. Under Rule 56, however, the trial judge is not required to make findings of fact, but it is not error to do so where the findings of fact are merely a summary of the material facts not at issue. *Wachovia Bank & Trust Co. v. Peace Broadcasting Corp.*, 32 N.C. App. 655, 233 S.E. 2d 687 (1977). The facts in the present case are uncontroverted; therefore, the sole question on this appeal is whether the petitioners are entitled to judgment against the respondent Tant as a matter of law.

In *Mills v. Carolina Cemetery Park Corp.*, 242 N.C. 20, 86 S.E. 2d 893 (1955), our Supreme Court, citing 25A C.J.S. *Dead Bodies*, § 4, recognized the general legal principle that the court can order a body disinterred and removed upon a showing of compelling reasons. In the present case, the respondent's wife has been buried in the plot owned by the petitioners, which is adjacent to an unoccupied lot owned by respondent Tant. The effect of Tant's refusal to have his late wife's remains removed to the lot owned by him is to completely deprive the petitioners of the use of their land for the purposes for which it was selected and purchased. In the present case, the value of such a plot to the petitioners obviously transcends any monetary valuation that might be attributed to it. Indeed, the lots possess a unique value

to the petitioners, and the petitioners' injury can only be compensated by the right to the unencumbered use of their burial lots.

We hold that the uncontroverted facts established by the record support the conclusion that the petitioners are entitled to the unencumbered possession of the burial lots described in their petition, and that compelling reasons exist for requiring the removal of the remains of Alice Tant from the petitioners' lot. There is, however, no evidence in this record to support the trial court's Order that the respondent Odell C. Tant "cause the remains of his next of kin, Alice F. Tant . . . to be removed from the Petitioners' Lot 74A and transferred to a suitable burial place within ten (10) days . . ."

The trial judge apparently based his Order on the fact that the respondent Tant was the "next of kin" of the woman whose body occupies the burial lot in question. While the next of kin of a party deceased has certain obligations and duties with respect to the burial of the body, and likewise has certain rights with respect to preserving the sanctity of the grave and the protection of the body from mutilation and degradation, see 22 Am. Jur. 2d, *Dead Bodies* § 4 (1965), we find nothing in the law that imposes on the next of kin the duty of removing a dead body from its burial place absent some showing that such next of kin was responsible in some way for the body's interment in a lot owned by another. In the present case, it is clear that a mistake was made when Alice Tant's body was buried in the petitioners' lot. It is equally clear from this record that the respondent Tant did not participate in such mistake. It does not appear from this record who is responsible for the mistake.

It is undisputed that the State has a legitimate interest in the disposition of dead bodies and the preservation of the sanctity of the grave. See G.S. § 14-150. The State licenses funeral directors, G.S. § 90-210.25, and extensively regulates cemeteries such as the one operated by the respondent in the present case. See G.S. § 65-46 to -72. While the funeral director conducting the funeral of Alice Tant was not made a party to this proceeding, the cemetery where she is buried was made a party, filed an answer, and even filed a brief in this Court. Although the cemetery was a respondent, and the petitioners prayed for relief against the cemetery and not against the respondent Odell Tant,

the judgment entered was against the respondent Tant and made no disposition of petitioners' claim against the cemetery.

For the reasons stated, the Judgment ordering the respondent Odell Tant to remove his wife's body from petitioners' burial lot and reinter same is vacated, and the cause is remanded to the superior court for further proceedings with respect to disposition of the claim against the respondent cemetery.

Vacated and remanded.

Chief Judge MORRIS and Judge WEBB concur.