BOWMAN v. DRUM

[97 N.C. App. 505 (1990)]

LAURA A. BOWMAN AND VICTOR H. MESSICK, PLAINTIFFS v. TRACY DRUM
AND WIFE, IRENE DRUM, DEFENDANTS

No. 8925DC180

(Filed 6 March 1990)

**Landlord and Tenant § 13 (NCI3d) — inadequate insurance obtained by lessee — material provision of lease breached**

 Plaintiff tenants' suit to restrain defendant landlords from interfering with the leased premises cannot succeed, since plaintiffs were required to insure defendants' premises in the amount of $500,000; this was a material provision of the lease; and plaintiffs breached the provision by providing only $300,000 in coverage.

 **Am Jur 2d, Landlord and Tenant § 274.**

APPEAL by plaintiffs from order entered 14 September 1988 by *Kincaid, Judge,* in CATAWBA County District Court. Heard in the Court of Appeals 19 September 1989.

*Beverly T. Beal and Victoria J. McGee for plaintiff appellants.*

*No brief filed for defendant appellees.*

PHILLIPS, Judge.

Plaintiffs, who leased certain premises from defendants upon which they operated a child care center, brought this action to restrain defendants from interfering with their enjoyment of the premises under the lease. In answering and counterclaiming defendants asserted, in gist, that they entered the premises at the request of plaintiffs' agent because Duke Power was going to cut the power off and leave the children without electricity; because the rent was past due; and because plaintiffs had breached the lease by providing liability insurance for the premises with limits of only $300,000, whereas the lease required coverage with limits of $500,000. Following a hearing the court dismissed plaintiffs' action upon affidavits and other materials which show without contradiction that plaintiffs had insured the premises with liability limits of $300,000, though the lease required limits of $500,000.

 The decision is correct and we affirm it. The provision requiring plaintiffs to insure defendants' premises in the amount of

$500,000 is a material provision of the lease, as the trial judge concluded; and plaintiffs having breached the provision it follows as a matter of law that their suit to restrain defendants from interfering with the leased premises cannot succeed. For it is fundamental in our jurisprudence that one who breaches a material provision of a contract may not ask a court of equity to enforce the rest of the agreement. *Combined Insurance Company of America v. McDonald*, 36 N.C. App. 179, 243 S.E.2d 817 (1978). Those who seek equity must do equity is not just a precept for moral observance, it is an enforceable rule of law. 5 Strong's N.C. Index 3d, *Equity* Sec. 1.1, p. 623 (1977). Since plaintiffs' action for injunctive relief must fail, their argument that under Chapter 42 of the General Statutes defendants had no right to take possession of the premises need not be determined.

Affirmed.

Judges COZORT and LEWIS concur.