BOBBY L. RAYBON, AND RICHARD H. RAYBON, PLAINTIFFS AND COUNTERCLAIM DEFENDANTS V. TEDDY DEAN KIDD AND WIFE CONNIE BARHAM KIDD, INDIVIDUALLY AND AS GUARDIAN AD LITEM FOR AMANDA GAIL KOENCK, DEFENDANTS AND COUNTERCLAIMANTS V. GERALD WAYNE ADAMS, JERRY WAYNE MITCHELL, SR., AND VARIETY PIC-UP, INC., ADDITIONAL DEFENDANTS ON THE COUNTERCLAIMS

No. COA00-1193

(Filed 4 December 2001)

## 1. Appeal and Error— appealability—partial summary judgment—certified as final—no just reason for delay

Partial summary judgment granting plaintiffs specific performance of an option to purchase was interlocutory but appealable where the court did not hear defendants' counterclaims, but certified that the judgment was final and that there was no just cause for delaying the appeal. N.C.G.S. § 1A-1, Rule 54(b).

## 2. Vendor and Purchaser— option to purchase—violation of underlying lease

The trial court erred by granting partial summary judgment for plaintiffs in an action for specific performance of an option to purchase real estate arising from a lease where there were material issues of fact as to whether plaintiffs breached the lease by creating a nuisance on the property (environmental contamination) and by failing to maintain proper insurance, and whether defendant had terminated the lease properly prior to its expiration, thus preventing the exercise of the option.

Appeal by Connie Barham Kidd and Amanda Gail Koenck from partial summary judgment entered 19 June 2000 by Judge Henry V.

Barnette, Jr., in Wake County Superior Court. Heard in the Court of Appeals 28 September 2001.

*Smith Debnam Narron Wyche Story & Myers, L.L.P., by Bettie Kelley Sousa, for plaintiff appellees.*

*Barefoot & Patrick, L.L.P., by Thomas N. Barefoot, for defendant appellants Connie Barham Kidd and Amanda Gail Koenck.*

TIMMONS-GOODSON, Judge.

Connie Barham Kidd ("Kidd") and her daughter, Amanda Gail Koenck (collectively "defendants"), appeal from partial summary judgment granting specific performance of a purchase option clause contained in a lease agreement of certain real property owned by defendants and leased by Bobby and Richard Raybon ("plaintiffs"). The facts pertinent to this appeal are as follows:

On 11 April 1974, plaintiffs entered into a lease agreement with Marvin E. Barham and his wife, Idell Barham, for certain real property on which a small house and grocery store were located. The lease included a purchase option clause, which gave plaintiffs "the option to buy property at the end of [the] lease including lot and house on south side of store for $35,000.00." The lease required plaintiffs, among other conditions, to maintain public liability insurance on the property and to "use said premises in a lawful manner and . . . not permit any nuisance to exist or continue." The lease further provided that if plaintiffs "should violate the terms of this Lease then the Lessors at their option has [sic] the right and privilege to enter and take possession of said leased premises in such event." The parties later modified the lease to extend its terms and options from 1 July 1989 until 1 June 1999.

Under the will of Idell Barham, Amanda Koenck, a minor, inherited a remainder interest in the property, while her mother, Connie Kidd, inherited a life estate interest in the property. Plaintiffs continued to lease the property from Kidd, and on 21 October 1997, notified her of their intent to exercise their option to purchase the property. At this time, plaintiffs and defendants were involved in litigation concerning plaintiffs' alleged environmental contamination of the property. By letter dated 5 November 1997, Kidd informed plaintiffs that they had violated the terms of the lease, and that unless such violations were cured within thirty days, Kidd intended to exercise her right to terminate the lease agreement. In September or October of

1998, defendants ceased accepting rent payments from plaintiffs. On 21 June 1999, plaintiffs filed a complaint in Wake County Superior Court alleging that defendants had refused to sell them the property and requested an order for specific performance. Defendants thereafter filed a counterclaim alleging, *inter alia*, that plaintiffs were in breach of the lease for creating a nuisance on the property and for failing to maintain adequate public liability insurance. The counterclaim further averred that, pursuant to the termination of the lease, defendants had asked plaintiffs to vacate the property, which request plaintiffs had ignored. The counterclaim also named additional defendants who are not pertinent to the present appeal.

Plaintiffs' motion for summary judgment came before the trial court on 31 May 2000. Without hearing defendants' counterclaims, the trial court determined that plaintiffs were entitled to exercise the purchase option on the lease and therefore ordered defendants to render specific performance by selling the property to plaintiffs. Defendants now appeal the trial court's order.

[1] We note initially that the trial court's order is interlocutory, as it adjudicates fewer than all of the claims, rights, and liabilities between fewer than all of the parties. *See Cunningham v. Brown*, 51 N.C. App. 264, 266, 276 S.E.2d 718, 721 (1981). This Court does not review interlocutory appeals as a matter of course. *See* N.C. Gen. Stat. § 1A-1, Rule 54(b) (1999); *Veazey v. Durham*, 231 N.C. 357, 361-62, 57 S.E.2d 377, 381 (1950). Under section 1A-1, Rule 54(b), of the General Statutes of North Carolina, however, where there are multiple claims or multiple parties to an action, the trial court "may enter a final judgment as to one or more but fewer than all of the claims or parties . . . if there is no just reason for delay and it is so determined in the judgment." N.C. Gen. Stat. § 1A-1, Rule 54(b). The trial court in the instant case entered a final judgment on fewer than all of the claims and certified that the judgment was final in nature and that no just cause existed to delay appeal. We may therefore properly review the instant case on its merits. *See DKH Corp. v. Rankin-Patterson Oil Co.*, 348 N.C. 583, 585, 500 S.E.2d 666, 668 (1998).

[2] Defendants argue that the trial court erred in granting partial summary judgment to plaintiffs, in that genuine issues of material fact exist concerning whether or not plaintiffs breached their lease with defendants by creating a nuisance on the property and by failing to maintain proper insurance. Defendants assert that plaintiffs' acts violated the lease, and that plaintiffs were therefore not entitled to

enforce the purchase option of the lease. Defendants also contend that they properly terminated the lease prior to its expiration on 1 June 1999, thus preventing plaintiffs from exercising the purchase option. We agree with defendants that genuine issues of material fact preclude entry of summary judgment, and we therefore reverse the order of the trial court.

A motion for summary judgment is only appropriate where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (1999); *Johnson v. Insurance Co.*, 300 N.C. 247, 252, 266 S.E.2d 610, 615 (1980). Summary judgment is a drastic remedy and should be used cautiously. *See Bank v. Gillespie*, 291 N.C. 303, 310, 230 S.E.2d 375, 379 (1976).

The lease agreement before the trial court in the instant case requires plaintiffs to "maintain suitable public liability insurance" and to prevent any nuisance from arising on the property. The lease further provides that, unless plaintiffs correct violations of the lease within a "reasonable length of time[,]" defendants have the right to enter and take possession of the property. In their counterclaims, defendants asserted that plaintiffs breached material provisions of the lease agreement by creating a nuisance and by failing to maintain public liability insurance. "[I]t is fundamental in our jurisprudence that one who breaches a material provision of a contract may not ask a court of equity to enforce the rest of the agreement." *Bowman v. Drum*, 97 N.C. App. 505, 506, 389 S.E.2d 125, 125 (1990). A provision in a lease agreement requiring lessees to obtain liability insurance on the leased property constitutes a material provision of the lease agreement. *See id.* at 505-06, 389 S.E.2d at 125.

Furthermore, the lease agreement allows plaintiffs to purchase the property "at the end of [the] lease[.]" The lease expired on 1 June 1999. Defendants allege that they terminated the lease agreement on 10 September 1998, approximately one year after informing plaintiffs that they were in breach of the lease. Defendants also accepted no further rental payments by plaintiffs after September or October of 1998. Whether or not defendants properly terminated the contract prior to plaintiffs' ability to exercise their option to purchase the property is an issue of material fact precluding summary judgment. *See Dettor v. BHI Property Co.*, 324 N.C. 518, 519, 379 S.E.2d 851, 851 (1989) (holding that summary judgment regarding a contract for sale

of real property was inappropriate where genuine issues of material fact existed concerning the agreement). Because we hold that genuine issues of material fact exist concerning plaintiffs' ability to exercise the purchase option in the lease agreement, the trial court erred in granting partial summary judgment to plaintiffs.

Reversed and remanded.

Judges McGEE and BIGGS concur.