CITY OF CONCORD, Plaintiff v. ALAN R. STAFFORD, and wife
KATHERINE L. STAFFORD, Defendants

No. COA04-1540

(Filed 6 September 2005)

## 1. Eminent Domain— traffic median—separation of lanes of travel—traffic regulation—police power

The trial court did not err in a condemnation case as a matter of law by granting partial summary judgment in favor of plaintiff city even though defendant property owners contend the construction of a median in front of their property was done for aesthetic rather than public safety purposes and was therefore an exercise of eminent domain rather than an exercise of the city's police power, because separation of lanes of travel is a valid traffic regulation and an exercise of a governmental agency's police power. Consequently, injury to a landowner's remaining property resulting from it is noncompensable.

## 2. Eminent Domain— traffic median—public safety purposes—aesthetic purposes—police power

The trial court did not err in a condemnation case as a matter of law by granting partial summary judgment in favor of plaintiff city even though defendant property owners contend a genuine issue of material fact was created by evidence that the construction of a median in front of defendants' property was done for aesthetic rather than public safety purposes, because: (1) even taking the statement in an affidavit from defendants' consultant as true that the median was not incorporated into the design primarily for safety, this bare statement fails to establish that the median did not serve a public safety purpose; and (2) the evidence presented by defendants in this case also does not support the contention that the median serves no public purpose, but instead supports the argument that public safety is not its primary purpose.

## 3. Eminent Domain— traffic median—police power—reasonable means

The means used to accomplish plaintiff city's legitimate police power to construct a traffic median in front of defendants' property were reasonable, because defendants still have free ingress and egress to their property by use of crossover inter-

sections located in the same block as their property and the property has not been deprived of all reasonable value by the exercise of this police power.

**4. Eminent Domain— value of property—diminution caused by construction of median**

The trial court did not err by entering final judgment in favor of defendants in the amount of $12,290.81 representing the value of that portion of defendants' property taken by plaintiff, because defendants were not entitled to compensation for the diminution of value of their property due to the construction of a median.

Appeal by defendants from a partial summary judgment entered 16 June 2003 by Judge Albert Diaz and an order entered 28 September 2004 by Judge Larry G. Ford in Cabarrus County Superior Court. Heard in the Court of Appeals 9 June 2005.

*City of Concord by Deputy City Attorney Robert E. Cansler, for plaintiff-appellee.*

*Ferguson, Scarbrough & Hayes, P.A., by James E. Scarbrough, for defendants-appellants.*

JACKSON, Judge.

Defendant appeals from an order granting partial summary judgment in favor of plaintiff entered on 16 June 2003 and entry of a final judgment by the Superior Court of Cabarrus County on 27 September 2004 in favor of defendants in the amount of $12,290.81.

Plaintiff, City of Concord, is a municipal corporation organized and existing under the laws of the State of North Carolina and is vested with the power of eminent domain pursuant to North Carolina General Statutes section 160A-240.1 (2003). Plaintiff commenced a condemnation proceeding against defendants on 14 November 2001 pursuant to its power of eminent domain seeking temporary and permanent rights of way for a road widening project. Plaintiff estimated the just compensation for the taking to be $6,675, which amount was deposited with the Clerk of Superior Court of Cabarrus County when the complaint was filed. Defendants answered the complaint, admitting all allegations except the value of the just compensation.

The road widening project for which the portion of defendants' property was condemned consisted of increasing the number of

travel lanes comprising Lake Concord Road on which defendants' property abutted. The purpose of this project was to accommodate the increased traffic flow safely along the roadway resulting from the expansion plan of the nearby regional hospital. The initial plan consisted of widening the roadway to two travel lanes in each direction with a center turn lane allowing access to each side of the roadway from either direction of travel. The configuration that ultimately was put in place, however, consisted of two travel lanes in each direction with a center median in front of defendants' property. This configuration prevented access to defendants' property from the southbound traffic lanes. Access to or from the southbound traffic lanes was available at crossover intersections located within the same block as defendants' property.

Defendants presented an appraisal that showed the reduction in value of their property due to the road widening project to be $103,890. The majority of this amount ($98,665) was attributable to the restriction of access to lanes in only one direction of travel by the median. The trial court entered partial summary judgment in favor of plaintiff. Defendants appealed to this Court and filed a petition for writ of certiorari. The petition for writ of certiorari was denied and the appeal dismissed as interlocutory. On remand, plaintiff and defendants stipulated to the evidence and requested an entry of final judgment. Final judgment was entered in favor of defendants in the amount of $12,290.81 on 27 September 2004. Defendants timely appealed.

Defendants argue: (1) the trial court erred as a matter of law in granting partial summary judgment to plaintiff; (2) the trial court erred in granting partial summary judgment to plaintiff as there were genuine issues of material fact; and (3) the trial court erred in entering judgment in favor of plaintiff (as to the amount of compensation). Plaintiff cross-assigns as error the trial court's failure to rule on its objection to the consideration of the affidavit of Jerry Newton based upon his lack of qualification as an expert.

[1] Defendants first contend that the trial court erred as a matter of law in granting partial summary judgment in favor of plaintiff as the construction of the median was done for aesthetic, rather than public safety, purposes and was therefore an exercise of eminent domain and not an exercise of the city's police power. Summary judgment is proper where there exists no genuine issue of material fact and a party is entitled to judgment as a matter of law. N.C. Gen. Stat.

§ 1A-1, Rule 56(c) (2003); *Raybon v. Kidd*, 147 N.C. App. 509, 512, 555 S.E.2d 656, 658 (2001).

" 'If the act is a proper exercise of the police power, the constitutional provision that private property shall not be taken for public use, unless compensation is made, is not applicable.' " *Department of Transp. v. Harkey*, 308 N.C. 148, 153, 301 S.E.2d 64, 68 (1983) (quoting *Barnes v. North Carolina State Highway Com.*, 257 N.C. 507, 514, 126 S.E.2d 732, 739 (1962) (internal quotations and citations omitted)). The separation of lanes of travel is a valid traffic regulation and an exercise of a governmental agency's police power, consequently, injury to a landowner's remaining property resulting from it is non-compensable. *Barnes*, at 518, 126 S.E.2d at 740.

The facts in *Barnes* are substantially similar to those in the case *sub judice*. In *Barnes*, as here, a portion of the property owner's land was taken as part of a road improvement project which included physically dividing the existing roadway into separate lanes of travel. As in the instant case, the result of this separation was to leave the property owner with direct access from his remaining property only to the lanes of travel in one direction with access to or from the opposite lanes of travel available via crossovers located a short distance before and after his property. In *Barnes*, our Supreme Court discussed the reasoning of the Supreme Court of Washington that "[property owners] have no property right in the continuation or maintenance of the flow of traffic past their property. . . . Circuity of route, resulting from an exercise of the police power, is an incidental result of a lawful act. It is not the taking or damaging of a property right." *Id.* at 516, 126 S.E. 2d at 738-39 (quoting *Walker v. State*, 295 P.2d 238 (Wash. 1956)). Ultimately, the *Barnes* Court concluded that the property owner was not entitled to compensation for the diminution in value of his remaining property attributable to the presence of the median.

Defendants urge us to adopt the position taken by the South Carolina Supreme Court allowing for the recovery of diminution of value resulting from the construction of medians included in larger road projects. *South Carolina State Highway Dep't v. Wilson*, 175 S.E.2d 391 (S.C. 1970); *Hardin v. S.C. DOT*, 597 S.E.2d 814 (S.C. Ct. App. 2004). We see no significant distinction between the instant case and *Barnes* that would justify a departure from the precedents of the courts of North Carolina—precedents by which we are bound. Accordingly, we decline to adopt the position urged by defendants.

The trial court found no basis to distinguish the facts of the current case from the precedent existing under *Barnes* that separation of lanes of traffic is an exercise of the police power. As injury to property as a result of the exercise of the police power is not compensable, we hold that the trial court did not err as a matter of law in granting partial summary judgment in favor of plaintiff. This assignment of error is overruled.

**[2]** Defendants next argue that the trial court erred in granting partial summary judgment in favor of plaintiff as there were genuine issues of material fact. Defendants contend a genuine issue of material fact was created by evidence that the construction of the median was done for aesthetic, rather than public safety, purposes.

As discussed *supra*, an exercise of eminent domain requires just compensation while an exercise of a police power does not. An "ends-means" analysis is used to determine whether a governmental action is a legitimate exercise of the police power. *Eastern Appraisal Servs. v. State*, 118 N.C. App. 692, 696, 457 S.E.2d 312, 314 (1995) (citing *Responsible Citizens in Opposition to Flood Plain Ordinance v. Asheville*, 308 N.C. 255, 302 S.E.2d 204 (1983)). The first step of this analysis is to determine whether the goal of the action is within the police power and the second step is to determine whether the means of achieving this goal is reasonable. *Id.* If either step of the analysis fails, then a compensable taking results. *Id.* (citing *Weeks v. North Carolina Dep't of Natural Resources & Community Dev.*, 97 N.C. App. 215, 388 S.E.2d 228, *disc. review denied*, 326 N.C. 601, 393 S.E.2d 890 (1990)).

The scope of the police power generally includes the protection of the public health, safety, morals and general welfare. *Id.* The means used to accomplish a goal within the scope of the police power are unreasonable when they deprive an owner of all practical use of the property or they cause the property to lose all reasonable value. *Weeks*, 97 N.C. App. at 225, 388 S.E.2d at 234.

On appeal defendants argue that the median serves no public safety purpose and therefore fails to fall within the scope of the police power. In support of this argument defendants rely on the affidavit of their consultant Jerry Newton ("Newton"), who evaluated the median in question and its purpose. In his affidavit Newton states, without providing any basis for his opinion, that the "median was not incorporated into the design *primarily* for safety." (Emphasis

added). Even when taken as true, this bare statement fails to establish that the median did not serve a public safety purpose.

Our Supreme Court specifically has stated, "[a] median strip, completely separating traffic moving in opposite directions on [the roadway], and preventing left turns except at intersections, is an obvious safety device clearly calculated to reduce traffic hazards." *Gene's, Inc. v. Charlotte,* 259 N.C. 118, 121, 129 S.E.2d 889, 892 (1963). Defendants attempt to distinguish both *Barnes* and *Gene's* from the instant case by pointing out, as the Supreme Court did in *Gene's,* that in neither of those cases did the property owner allege that the median strip failed to serve a public safety purpose. Nonetheless, the evidence presented by defendants in the case *sub judice* does not support the contention that the median serves no public safety purpose either. Defendants' evidence supports only the argument that public safety is not its primary purpose. We find that the median in this case serves, at least in part, to promote public safety and therefore falls within the police power.

**[3]** We now turn to the question of whether the means used to accomplish this legitimate police power objective were reasonable. The evidence in the record establishes that defendants still have free ingress and egress to their property and the property has not been deprived of all reasonable value by the exercise of this police power. Accordingly, the means used to accomplish this exercise of the police power were reasonable.

We hold that there was no genuine issue of material fact whether the construction of the traffic median by plaintiff was a valid exercise of the police power. Consequently, the trial court did not err in granting partial summary judgment on that issue in favor of plaintiff. This assignment of error is overruled.

**[4]** Finally, defendants assign as error that the trial court erred in granting judgment in favor of plaintiff. It appears that defendants actually are attempting to assign error to the amount of the final judgment as the trial court did not grant judgment in favor of plaintiff. The final judgment was entered in favor of defendants in the amount of $12,290.81, an amount representing the value of that portion of defendants' property taken by plaintiff. As discussed *infra,* defendants were not entitled to compensation for the diminution of value resulting from the construction of the median. Accordingly, we find no error in the trial court's final entry of judgment.

As we have found no error in the trial court's denial of compensation to defendants for the diminution of value of their property due to the construction of the median, it is unnecessary to reach plaintiff's cross-assignment of error regarding the trial court's failure to rule on its objection to the consideration of Newton's affidavit.

Affirmed.

Judges HUDSON and STEELMAN concur.