RETHEA C. MASSEY, Petitioner v. DOUGLAS A. HOFFMAN, Respondent

No. COA06-1338

(Filed 17 July 2007)

## 1. Pleadings— motion to amend—allowance after trial—failure to state a claim added

The trial court abused its discretion in an action seeking access to grave sites by allowing respondent's motion to amend to add a motion to dismiss for failure to state a claim after a trial. N.C.G.S. § 1A-1, Rule 12(h)(2) clearly provides that a motion to dismiss under Rule 12 (b)(6) may be made in a pleading or at a trial on the merits; here, although the trial court had not entered a written judgment, a judgment had been rendered in favor of petitioner and the trial on the merits had concluded.

## 2. Cemeteries— access to grave site—not a taking

In a case decided on other grounds, the Court of Appeals stated that N.C.G.S. § 65-74 (which provides for access to another's property for the purposes of discovering, restoring, maintaining or visiting a grave) is a proper exercise of a police power and therefore not subject to the constitutional and fundamental provision that private property shall not be taken for a public use without just compensation.

Appeal by petitioner from order entered 28 April 2006 by Judge Orlando F. Hudson, Jr., in Wake County Superior Court. Heard in the Court of Appeals 26 April 2007.

*Kirk, Kirk, Howell, Cutler & Thomas, L.L.P., by C. Terrell Thomas, Jr., and John W. Welch, Jr., for petitioner appellant.*

*Boxley, Bolton, Garber & Haywood, L.L.P, by Ronald H. Garber, for respondent appellee.*

*Attorney General Roy Cooper, by Solicitor General Christopher G. Browning, Jr., and Special Deputy Attorney General Mark A. Davis, for the State.*

McCULLOUGH, Judge.

On 27 September 2004, Rethea Massey ("petitioner") filed a petition with the Wake County Clerk of Superior Court seeking access to Douglas Hoffman's ("respondent") property at 3524 Hopkins Chapel Road in Zebulon, North Carolina, for the purpose of restoring, maintaining and visiting the grave sites of her relatives under N.C. Gen. Stat. § 65-75 (2005). An amended petition was thereafter filed on 4 October 2004 which alleged that respondent is the owner of property located at 3524 Hopkins Chapel Road which was formerly owned by petitioner's grandparents, Early Thomas Carter and Mary Amanda Ferrell Carter, and is the current site of petitioner's grandparents' graves. The allegations in the petition further set forth that two or three stillborn children born to petitioner's aunt, Mabel Carter Perry, were also buried on the subject property beside the grave sites of petitioner's grandparents. Respondent refused to consent to allow petitioner to access his property for the purpose of restoring, maintaining and visiting the grave sites of her relatives and petitioner is unable to access the grave sites without entering upon respondent's property. Neither the order nor transcript is contained in the record. However, both parties agree that the clerk entered an order granting petitioner access to the grave sites at the hearing before the clerk and respondent gave notice of appeal.

A bench trial was thereafter held in Wake County Superior Court on 7 March 2006. At the close of the evidence and after hearing oral arguments, the court announced its ruling granting petitioner access to respondent's property for the purpose of restoring, maintaining and visiting the grave sites of her relatives and directed counsel for petitioner to draw up an order. Before a written order was entered by the court, but after the close of the evidence and rendition of judgment by Judge Orlando Hudson, respondent filed a motion to dismiss, a motion for relief from judgment or order, and a motion to amend on 21 March 2006. The motion sought to amend respondent's answer by adding allegations with regard to N.C. Gen. Stat. § 65-75; a motion to dismiss for failure to state a claim upon which relief can be granted

under N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) (2005); the defense that N.C. Gen. Stat. § 65-75 is unconstitutional, unenforceable and in violation of the fundamental law of North Carolina; and seeking a declaratory judgment. On 28 April 2006, Judge Orlando Hudson entered an order in which he allowed the motion to amend the answer and dismissed the petition for failure to state a claim upon which relief may be granted, ruling that N.C. Gen. Stat. § 65-75 "violates the fundamental law, the common law, Article I, Section 19 of the Constitution of the State of North Carolina, and Amendments 5 and 14 of the Constitution of the United States of America[.]" From entry of that order, petitioner appeals.

[1] Petitioner contends on appeal that the trial court abused its discretion in allowing respondent's motion to amend after the hearing on the merits and erred in granting respondent's untimely motion under N.C. Gen. Stat. § 1A-1, Rule 12(b)(6).

"Whether a motion to amend a pleading is allowed or denied is addressed to the sound discretion of the trial court and is accorded great deference." *North River Ins. Co. v. Young*, 117 N.C. App. 663, 670, 453 S.E.2d 205, 210 (1995). A motion to amend is not reviewable on appeal absent a showing of abuse of discretion. *Dept. of Transportation v. Bollinger*, 121 N.C. App. 606, 609, 468 S.E.2d 796, 797-98 (1996). "Although a trial court is not required to state specific reasons for denial of a motion to amend, reasons that would justify a denial are '(a) undue delay, (b) bad faith, (c) undue prejudice, (d) futility of amendment, and (e) repeated failure to cure defects by previous amendments.'" *Chicopee, Inc. v. Sims Metal Works*, 98 N.C. App. 423, 430, 391 S.E.2d 211, 216 (citations omitted), *disc. reviews denied*, 327 N.C. 426, 395 S.E.2d 674, *disc. review allowed*, 327 N.C. 426, 395 S.E.2d 675 (1990), *withdrawn*, 328 N.C. 329, 402 S.E.2d 826 (1991).

N.C. Gen. Stat. § 1A-1, Rule 12(h)(2) states that a party may make a motion to dismiss for failure to state a claim under which relief may be granted under Rule 12(b)(6) "in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits." N.C. Gen. Stat. § 1A-1, Rule 12(h)(2). While our Court has long afforded great deference to trial courts in granting motions to amend, where there is a clear abuse of discretion, this Court must reverse the ruling of the lower court.

In the instant case, the trial court granted the motion to amend allowing respondent to amend the pleading to include a motion to dis-

miss for failure to state a claim upon which relief may be granted under N.C. Gen. Stat. § 1A-1, Rule 12(b)(6). Rule 12(h)(2) clearly provides that a motion to dismiss under Rule 12(b)(6) may be made in a pleading or at the trial on the merits. It is clear that the trial on the merits had concluded where the trial judge announced his ruling granting the relief sought by petitioner and ordering petitioner to draft an order which would thereafter be entered as the written order by the court. See *Abels v. Renfro Corp.*, 126 N.C. App. 800, 803, 486 S.E.2d 735, 737, *disc. review denied*, 347 N.C. 263, 493 S.E.2d 450 (1997) (stating that the judge renders judgment when the judge announces a ruling in open court). It was not until after completion of the trial and rendition of judgment by the trial court that respondent motioned the court to dismiss under Rule 12(b)(6).

The United States Supreme Court has stated, "the objection that a complaint '[f]ails to state a claim upon which relief can be granted,' Rule 12(b)(6), **may not be asserted post trial**." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 507, 163 L. Ed. 2d 1097, 1105 (2006) (emphasis added); Fed. R. Civ. P. 12(b)(6). "Under Rule 12(h)(2), that objection endures up to, but not beyond, trial on the merits[.]" *Id.* We find this reasoning persuasive. Even though the trial court had not entered a written judgment, a judgment had been rendered in favor of petitioner and the trial on the merits had concluded. Allowing the motion to amend was an abuse of discretion and caused undue prejudice to petitioner, therefore we must reverse the order of the trial court.

**[2]** While we have held that the trial court erred in granting the motion to dismiss and could remand on this issue alone, we will address the constitutionality of N.C. Gen. Stat. § 65-75 on its face, recognizing that the issue is likely to arise at later proceedings.

Under N.C. Gen. Stat. § 65-74, a descendent of a person whose remains are reasonably believed to be interred in a grave on private property may enter the property for the purpose of discovering, restoring, maintaining or visiting the grave with the consent of the property owner. N.C. Gen. Stat. § 65-74(1) (2005). However, if the consent of the private property owner cannot be obtained, the descendent may petition the clerk of the superior court for an order allowing the petitioner to enter the property for the purpose of discovering, restoring, maintaining or visiting the grave. N.C. Gen. Stat. § 65-75(a). The statute further states that the clerk shall issue such an order where the clerk finds the following:

(1) There are reasonable grounds to believe that the grave or abandoned public cemetery is located on the property or that it is reasonably necessary to enter or cross the landowner's property to reach the grave or abandoned public cemetery.

(2) The petitioner, or his designee, is a descendant of the deceased, or that the petitioner has a special interest in the grave or abandoned public cemetery.

(3) The entry on the property would not unreasonably interfere with the enjoyment of the property by the landowner.

N.C. Gen. Stat. § 65-75(a)(1-3).

Respondent contends that the aforementioned statute amounts to a taking of private property without just compensation. However, if an " ' "act is a proper exercise of the police power, the constitutional provision that private property shall not be taken for public use, unless compensation is made, is not applicable." ' " *City of Concord v. Stafford*, 173 N.C. App. 201, 204, 618 S.E.2d 276, 278 (citations omitted), *disc. review denied*, 360 N.C. 174, 625 S.E.2d 785 (2005). Our Courts have long held that preservation of the sanctity of grave sites is a proper exercise of police power by the State of North Carolina. *See Shields v. Harris*, 190 N.C. 520, 527, 130 S.E. 189, 192 (1925) ("Rights of burial are peculiar and are somewhat of a public nature and are subject to the police power[]"); *Strickland v. Tant*, 41 N.C. App. 534, 537, 255 S.E.2d 325, 328, *cert. denied*, 298 N.C. 304, 259 S.E.2d 917 (1979) ("It is undisputed that the State has a legitimate interest in the disposition of dead bodies and the preservation of the sanctity of the grave.").

Moreover, this Court has expressly held that "[p]rotection of the public health, safety, morals and general welfare" are the goals commonly included as within the lawful scope of the State's police powers. *Eastern Appraisal Services v. State of North Carolina*, 118 N.C. App. 692, 696, 457 S.E.2d 312, 314, *appeal dismissed, disc. review denied*, 341 N.C. 648, 457 S.E.2d 312 (1995). In *Mills v. Cemetery Park Corp.*, 242 N.C. 20, 27, 86 S.E.2d 893, 898 (1955), the Supreme Court stated:

The sentiment of all civilized peoples, since earliest Biblical times, has held in great reverence the resting places of the dead as hallowed ground. In such matters we deal with concerns that basically are spiritual. Awe toward the dead was a most pow-

erful force in forming primitive systems for grappling with the supernatural. "It is a sound public policy to protect the burying place[] of the dead."

*Id.* (citation omitted).

Where the statute provides for access to another's property for the purposes of discovering, restoring, maintaining or visiting a grave, the act is a proper exercise of a police power and therefore not subject to the constitutional and fundamental provision that private property shall not be taken for a public use without just compensation.

It is unnecessary to address appellant's remaining assignments of error on appeal where the order of the trial court must be reversed.

Accordingly, we reverse the order of the trial court allowing respondent's motion to amend and dismissing the action, and remand for entry of an order consistent with the oral order rendered by the trial court at the close of the hearing on the merits.

Reversed and remanded.

Judges BRYANT and STROUD concur.